OPINION
{¶ 1} Defendant, David E. Jones, was convicted upon verdictsof guilty after a trial by jury of two counts of non-support,failure to provide support as established by a court order toanother person whom the offender is obligated by law to support,in violation of R.C. 2919.21(B). The court subsequently sentencedJones to two six month terms of incarceration, to be servedconcurrently. Jones filed a timely notice of appeal.
 FIRST ASSIGNMENT OF ERROR {¶ 2} "The trial court erred in sentencing Mr. Jones to prisonon two felony five non-support convictions."
 {¶ 3} Defendant's two offenses are felonies of the fifthdegree. R.C. 2919.21(G)(1). The six-month sentence the courtimposed for each is within the available statutory range ofprison terms for that class of offense. R.C. 2929.14(A)(5).
 {¶ 4} Defendant is a first-offender. He was eligible forcommunity control sanctions in lieu of imprisonment. He arguesthat the trial court erred when it instead imposed terms ofimprisonment absent the findings required by R.C. 2929.13(B)(1).Defendant relies on our holding in State v. Cochran (June 1,2001), Montgomery App. No. 18424.
 {¶ 5} A term of imprisonment is mandated by R.C.2929.13(B)(2)(a) when, after considering the seriousness andrecidivism factors in R.C. 2929.12, the court makes threefindings. First, that a prison term is consistent with thepurposes and principles of sentencing set forth in R.C. 2929.11.Second, that the offender is not amenable to available communitycontrol sanctions. And, third, that one or more of the findingsdescribed in R.C. 2929.12(B)(1)(a)-(i) apply to the offender. InCochran, we held that imposition of a prison term isnevertheless discretionary when the court makes the findings inthe first and second of those categories but not the third
 {¶ 6} R.C. 2929.19(B)(2)(a) imposes a further requirement whena term of imprisonment, whether mandatory or discretionary, isimposed. That section requires the court then to state thereasons for the findings it makes in the first and third of thethree R.C. 2929.13(B)(2)(a) categories discussed above. Thereasons requirement doesn't apply to the finding that thedefendant is not amendable to community control.
 {¶ 7} In State v. Foster (December 6, 2002), Montgomery App.No. 19197, we held that the R.C. 2929.19(B)(2)(a) reasonsrequirement doesn't apply to the R.C. 2929.13(B)(1)(a)-(i)findings when the court makes none, and as a result a prison termis then discretionary per Cochran. In Foster, the court madeno findings of that kind. However, it did make findings in theother two categories: that a prison term is consistent with thepurposes and principles of sentencing in R.C. 2929.11, and thatthe defendant was not amendable to community control. Further thetrial court in Foster stated its reasons for the findings itmade concerning R.C. 2929.11, as R.C. 2929.19(B)(2)(a) requires.
 {¶ 8} R.C. 2929.11 states, in pertinent part:
 {¶ 9} "(A) A court that sentences an offender for a felonyshall be guided by the overriding purposes of felony sentencing.The overriding purposes of felony sentencing are to protect thepublic from future crime by the offender and others and to punishthe offender. To achieve those purposes, the sentencing courtshall consider the need for incapacitating the offender,deterring the offender and others from future crime,rehabilitating the offender, and making restitution to the victimof the offense, the public, or both.
 {¶ 10} "(B) A sentence imposed for a felony shall bereasonably calculated to achieve the two overriding purposes offelony sentencing set forth in division (A) of this section,commensurate with and not demeaning to the seriousness of theoffender's conduct and its impact upon the victim, and consistentwith sentences imposed for similar crimes committed by similaroffenders."
 {¶ 11} A sentencing court is required to pronounce any of thefindings and reasons it is required to make and state at thesentencing hearing. State v. Comer, 99 Ohio St.3d 463,2003-Ohio-4165. Here, the court made the followingpronouncements:
 {¶ 12} "THE COURT: * * * My problem is that you have made upyour mind that you're not-this is not your child and you're notgoing to pay child support. That's the bottom line of whereyou're coming from on this thing. And all the way along(indiscernible-background noise) courtroom was where you were in.And I remember that when I walked in at that period of time.
 {¶ 13} "The other thing I remember is during this period oftime you have not gone out to get a job. You live with your aunt;she pays your expenses. It's true you go to food banks and youpick up your food there, because you don't have a job and you'renot going to get a job.
 {¶ 14} "And the situation I see is we got to call a stop toit. And I told her that to your lawyer, you know. Your lawyertold you what I've said, I'm sure. The fact that, you know. I'mgoing to put a stop to it. And number one, the only thing you'redoing is nothing. You're not supporting your child, and you'vegot this continuing battle going on.
 {¶ 15} "So at this period of time the only way I can get yourattention is consider — that I tell you that I consider this aserious offense. And you're $15, 192 in arrears in childsupport.
 {¶ 16} "And this period of time, considering the seriousnessfactors involved in this under the Ohio Revised Code andconsidering the fact that I do not think you're amenable tocommunity control sanctions at this time, the Court will sentenceyou to six months at the Ohio Department of Rehabilitation andCorrection. It's imposing a fine of $2,500. It's suspending thefine because of your indigency, and it's ordered that you makerestitution in this matter. This is a 5th degree felony. You haveno prior record in this matter. You have a right to, after youget into prison, to file a Notice of Appeal to appeal thesentence." (Sentencing Transcript, p. 5-6).
 {¶ 17} The court made none of the R.C. 292913(B)(1)(a)-(i)findings. Therefore, per Cochran the court retained discretionto impose a prison term if it made the other two findingsrequired by R.C 2929.13(B)(2)(a): that the defendant isn'tamenable to community control and that a prison term isconsistent with the purposes and principles of sentencing set outin R.C. 2929.11. Additionally, with respect to the latterfinding, the court was required to state its reasons for makingthe finding. R.C. 2929.19(B)(2)(a).
 {¶ 18} The court expressly found that Defendant Jones is notamenable to community control sanctions. However, the court madeno reference to the purposes and principles of sentencing set outin R.C. 2929.11, its findings in that regard, or any reason forits findings. Therefore, the court was not authorized to impose aprison term, as it did.
 {¶ 19} The purpose of the several statutory findings andreasons requirements imposed by the adoption of Am. Sub. S.B. No.2 in 1995 was to achieve more uniformity and fairness in felonysentencing statewide. To that end, the courts are required toperform these exercises as a regimen. Because of that, we areloath to adopt a more relaxed rule of substantial compliance, bywhich the sentencing court's findings and reasons may be gleanedfrom its pronouncements. They may be strong, and they may besound, and here we do not question whether they were. However,they must also be stated by the court, and here they were not.
 {¶ 20} The first assignment of error is sustained.
 SECOND ASSIGNMENT OF ERROR {¶ 21} "The trial court erred by failing to instruct the juryof the affirmative defense to the (sic) on support charges."
 {¶ 22} R.C. 2919.21(D) provides an affirmative offense to acharge of non-support, stating:
 {¶ 23} "It is an affirmative defense to a charge of failure toprovide adequate support under division (A) of this section or acharge of failure to provide support established by a court orderunder division (B) of this section that the accused was unable toprovide adequate support or the established support but didprovide the support that was within the accused's ability andmeans."
 {¶ 24} Defendant requested a jury instruction on the R.C.2929.21(D) affirmative defense. The trial court refused to givethe instruction, citing the insufficiency of the evidencerequired to prove it.
 {¶ 25} An affirmative defense operates to relieve an accusedof criminal liability. "The burden of going forward with theevidence of an affirmative defense, and the burden of proof, by apreponderance of the evidence, is upon the accused." R.C.2901.05(A).
 {¶ 26} Defendant Jones argues that the trial court abused itsdiscretion when it refused to instruct the jury on the R.C.2929.21(D) affirmative defense because it was warranted by theevidence in two respects. First, the evidence demonstrates thathe is destitute. Second, the evidence demonstrates that hishealth condition leaves him unable to work.
 {¶ 27} There is evidence that Defendant is destitute. There isalso evidence, in the form of Defendant's own testimony, that aclaimed gastrointestinal infection prevents him from working. TheState argues that Defendant's claim is insufficient. It might berejected by a jury as self-serving and inadequate, but that isnot a basis to deny the instruction requested.
 {¶ 28} Nevertheless, we agree with the trial court that, onthis record, the instruction was not warranted. By its terms,R.C. 2929.21(D) requires some evidence from which the jury couldreasonably find that Defendant "did provide the support that waswithin the accused's ability and means." That requires someevidence that a modicum of support was provided. Here, none was,at all, of any kind, at least within the relevant period of time.Therefore, no evidence on that point having been put before thejury, Defendant was not entitled to the instruction herequested.
 {¶ 29} This may seem harsh. It denies an obligor who is soutterly and profoundly destitute that he can provide no supportof any kind a benefit that's extended to one who is sufficientlyless destitute, if only a little, and can as a result providesome modicum of support. However, an obligor can if he isdestitute seek relief from the court ordered support obligationhe is accused of failing to pay, avoiding potential criminalliability for not paying support. Defendant failed to do that.Therefore, he is not unfairly denied an opportunity to rely onhis destitution as grounds for relief.
 {¶ 30} The second assignment of error is overruled.
 {¶ 31} Having sustained the first assignment of error, we willvacate Defendant-Appellant's sentence and remand the matter forresentencing.
 Fain, P.J. and Brogan, J., concur.