OPINION
{¶ 1} This is an appeal from an order assessing a fine and court costs for violations of municipal zoning ordinance.
 {¶ 2} The City of Huber Heights filed a complaint alleging that Defendant, Raymond Weaver, had violated several sections of the Zoning, Property Exterior Maintenance Code of the City of Huber Heights for his failure to paint the house and garage door, repair the roof, and remove unlicenced/inoperative vehicles from the driveway of his home. The court found him guilty of the violations and assessed a $15 fine and $132 in court costs. Weaver filed a timely notice of appeal.
 {¶ 3} Weaver sets out eleven numbered arguments which we will review separately as though they were assignments of error.
 {¶ 4} First, Weaver argues that the trial court erred by not finding that the Zoning, Property Exterior Maintenance Code for the City of Huber Heights was unconstitutional. Weaver raised this argument at trial, and the trial court correctly informed him that to challenge the statute's constitutionality he must file an action for declaratory judgment and serve the Attorney General. R.C. 2712.12(A). Weaver's failure to do so left the trial court without jurisdiction to grant the relief sought, and he may not raise this argument de novo on appeal. Cicco v. Stockmaster
(2000), 89 Ohio St.3d 95, 100, 2000-Ohio-434.
 {¶ 5} The second, third, fourth, and eleventh assignments of error contend that Weaver was indigent at the time of this action and was prejudiced by the trial court's failure to assign counsel to represent him. However, the trial court correctly noted that the zoning violations are only minor misdemeanors, and appointment of counsel for minor misdemeanors is not required because the accused does not face the possibility of jail time. Weaver's arguments are therefore without merit.
 {¶ 6} The fifth, sixth, and seventh assignments of error refer to verbal and physical abuse Weaver allegedly suffered at the hands of various court personnel. Having reviewed the videotape of the proceedings, we find that no verbal or physical abuse occurred. On the contrary, the court and all personnel were patient and respectful towards Weaver. The record does not substantiate his claims.
 {¶ 7} In his eighth assignment of error, Weaver argues that the trial court erred when it failed to address arguments he raised under R.C.2929.22, which sets out factors a court must consider before imposing incarceration for committing a misdemeanor offense. As discussed above, because potential incarceration was never an issue in this action, R.C.2929.22 is irrelevant and the trial court was not required to address those arguments.
 {¶ 8} In his ninth assignment of error, Weaver asserts that winter weather made the repairs required to comply with the zoning code a practical impossibility. However, the record shows that the zoning inspector, city prosecutor, and the court were willing to grant Weaver an extension until May, 2004, to complete the work. The record undermines this contention.
 {¶ 9} In his tenth assignment of error, Weaver argues that R.C. 4503, et. seq. are unconstitutional. However, no action for declaratory judgment was filed nor was the Attorney General served. As we noted above, the court lacked jurisdiction to grant the relief sought.
 {¶ 10} All eleven assignments of error are overruled.
 {¶ 11} The judgment of the trial court is affirmed.
Brogan, P.J. and Wolff, J., concur.