OPINION
{¶ 1} Matthew A. Kelly was found guilty upon his guilty pleas by the Greene County Court of Common Pleas of attempted receiving stolen property, a misdemeanor of the first degree, and of possession of cocaine, a felony of the fifth degree. The trial court sentenced him to six months in jail on the attempted receiving stolen property charge and to eight months of incarceration for possession of cocaine, to be served concurrently. Kelly appeals from his sentences.
 {¶ 2} The facts underlying this appeal are as follows.
 {¶ 3} On July 2, 2004, Kelly's vehicle was stopped by Ohio State Trooper J.D. Williams. At the time of the stop, Kelly was found to be in possession of a blank check, which the state believed to be stolen, and a substance which later tested positive for cocaine. Consequently, on July 9, 2004, Kelly was indicted for one count of receiving stolen property, a felony of the fifth degree, in violation of R.C. 2913.51(A). State v.Kelly, Greene Case No. 2004-CR-549. On September 3, 2004, Kelly was indicted for one count of possession of cocaine, a felony of the fifth degree, in violation of R.C. 2925.11(A), and one count of possession of criminal tools, a felony of the fifth degree, in violation of R.C.2923.24(A). State v. Kelly, Greene Case No. 2004-CR-623. Upon Kelly's motion, the cases were joined, pursuant to Crim.R. 13.
 {¶ 4} On September 28, 2004, Kelly pleaded guilty to attempted receiving stolen property, a misdemeanor of the first degree, and to possession of cocaine, a felony of the fifth degree, pursuant to a plea agreement with the state. In exchange for Kelly's plea, the state agreed to amend the indictment in Case No. 2004-CR-549 to attempted receiving stolen property and to dismiss count two in Case No. 2004-CR-623. The state also agreed to recommend that Kelly receive treatment at the Monday Program. The court accepted Kelly's plea and ordered a presentence investigation. Prior to disposition, Kelly learned that the presentence investigation report recommended a prison sentence.
 {¶ 5} Kelly appeared for disposition on December 2, 2004. The trial court sentenced him to six months in jail on the attempted receiving stolen property charge and to eight months of incarceration for possession of cocaine, to be served concurrently, as recommended by the Ohio Adult Probation Department.
 {¶ 6} Kelly raises three assignments of error on appeal. Because Kelly's arguments are overlapping, we will address them together.
a. "The trial court erred, abused its discretion and failed to comply with the ohio felony sentencing guidelines when it sentenced defendant to a prison term on a fifth degree felony in excess of the minimum sentence without any 2929.13(B) factors being present."
b. "The trial court failed to properly consider and weigh the seriousness and recidivism factors as it based its judgment upon a faulty assumption and erroneous information."
c. "The trial court erred, abused its discretion and failed to comply with the ohio sentencing guidelines when it imposed the maximum jail sentence on the misdemeanor and a prison sentence on the felony arising out of the same occurrence and in the absence of factors justifying a higher sentence."
 {¶ 7} First, Kelly claims that the trial court erred when it sentenced him to eight months of incarceration, which is more than the minimum sentence for a fifth degree felony, without any of the factors set forth in R.C. 2929.13(B). He asserts that the trial court improperly weighed the seriousness and recidivism factors when it sentenced him to incarceration rather than to the Monday Program. He argues that the court's sentence was based upon the erroneous assumption that a (B)(1) factor — presumably that Kelly was on community control sanctions when the offense occurred — existed.
 {¶ 8} R.C. 2929.13 provides guidelines to the court for imposing an appropriate sentence based on the degree of the felony. R.C. 2929.13(B)(1) sets forth nine factors that the court must consider in sentencing an offender for a fifth degree felony. "If the court finds that any one of these factors applies, it must next consider the seriousness and recidivism factors listed in R.C. 2929.12(B)-(E) in order to determine whether a prison term is consistent with the purposes and principles of sentencing and whether the offender is not amenable to an available community control sanction. R.C. 2929.13(B)(2)(a). If the court answers these two questions in the affirmative, it is required to impose a prison term upon the offender. R.C. 2929.13(B)(2)(a)." State v. McCartney,
Clinton App. No. CA2003-09-023, 2004-Ohio-4781, ¶ 43; see State v.Jones, Montgomery App. No. 20162, 2004-Ohio-4519, ¶ 5. Conversely, if the court finds that none of the R.C. 2929.13(B)(1) factors are present and that the offender is amendable to community control, the court must impose community control sanctions. R.C. 2929.13(B)(2)(b). In State v.Cochran (June 1, 2001), Montgomery App. No. 18424, we held that where a prison term is consistent with the purposes and principles of sentencing and the offender is not amenable to available community control sanctions but no R.C. 2929.13(B)(1) factors are present, the imposition of a prison term is discretionary. Id.; see Jones, supra, at ¶ 5.
 {¶ 9} In order to impose a term of imprisonment — discretionary or mandatory, the trial court must state the reasons for certain findings. R.C. 2929.19(B)(2) provides, in part:
 {¶ 10} "The court shall impose a sentence and shall make a finding that gives its reasons for selecting the sentence imposed in any of the following circumstances:
 {¶ 11} "(a) * * * if it imposes a prison term for a felony of the fourth or fifth degree or for a felony drug offense that is a violation of a provision of Chapter 2925. of the Revised Code and that is specified as being subject to division (B) of section 2929.13 of the Revised Code for purposes of sentencing, its reasons for imposing the prison term, based upon the overriding purposes and principles of felony sentencing set forth in section 2929.11 of the Revised Code, and any factors listed in divisions (B)(1)(a) to (i) of section 2929.13 of the Revised Code that it found to apply relative to the offender."
 {¶ 12} "The Code does not specify that the sentencing judge must use specific language or make specific findings on the record in order to evince the requisite consideration of the applicable seriousness and recidivism factors." State v. Arnett, 88 Ohio St.3d 208, 215,2000-Ohio-302, 724 N.E.2d 793, citing R.C. 2929.12. "A rote recitation by the trial court that it has considered applicable factors under R.C.2929.12 is sufficient for the trial court to satisfy its duty." State v.Holmes, Montgomery App. No. 19975, 2005-Ohio-52, at ¶ 23, citingArnett, supra.
 {¶ 13} During Kelly's sentencing hearing, the trial court initially found that Kelly was already under a community control non-prison sanction from a case in Highland County at the time the offenses at issue occurred. Based on that R.C. 2929.13(B)(1) factor, the court found that Kelly was not amenable to community control and that prison was consistent with the purposes and principles of sentencing. Kelly's counsel informed the court that Kelly had not been placed on probation until five days after the time of the offense. The court then stated:
 {¶ 14} "All right. In that case I will modify my determination that the Defendant has been under a community control non-prison sanction with the (B)(1) factor, but however, the Defendant has been on probation multiple times with multiple Courts and the Court still feels that even though that (B)(1) factor is not present, there is sufficient reason and cause to find that Defendant is not amendable to community control at this time and that prison is consistent with the purposes and principles of sentencing under 2929.11 based upon the matters previously stated for the record."
 {¶ 15} In imposing the sentence, the court indicated that it had considered the presentence report and the purposes and principles of sentencing, and that it had balanced the seriousness and recidivism factors pursuant to R.C. 2929.12. While considering Kelly's likelihood of recidivism, the court noted that Kelly had a serious drug problem, and that "[a]ny person who has a serious drug problem is going to have a very high likelihood of recidivism to commit future crimes." The court stated that the presentence investigation report had indicated that Kelly had "difficulty taking responsibility for [him]self and that may be a function of the drug problem." The court further noted that Kelly had had at least two occasions to attend a drug treatment program — "one of them voluntarily, which you left against medical advise less than 12 hours after your arrived; and the counseling at the Scioto Paint Valley Center, likewise, is one in which your maintence was sporadic and inconsistent, with your case being closed with a poor prognosis." The court also mentioned that on November 11, 2004, during the pendency of the case, there was concern about Kelly having taken an overdose of drugs.
 {¶ 16} The court found that a prison sentence was appropriate, stating that "[i]t's going to be a sentence that is not dissimilar to a sentence where you would be sent to a drug rehabilitation program." The court indicated that Kelly would have opportunities for counseling to address his drug problems at the institution, that the lock down environment would place him in surroundings where drugs would not be available, and that Kelly would "have the opportunity to spend as much time as you feel necessary to address these issues."
 {¶ 17} Upon review of the record, the trial court had the discretion to sentence Kelly to a term of imprisonment for the fifth degree felony in the absence of any R.C. 2929.13(B)(1) factors, based on its findings that imprisonment was consistent with the purposes and principles of sentencing and that Kelly was not amenable to community control sanctions. We find no error in the court's decision to impose a prison sentence rather than community control sanctions.
 {¶ 18} Kelly complains that the trial court disregarded the recommendation of Sandra J. Rigsby, a substance abuse specialist with the Scioto Paint Valley Mental Health Center, that it would be more appropriate to place Kelly in an inpatient treatment facility. Although the court did not mention Rigsby's letter while imposing its sentence, the trial court was not required to credit her recommendation over that of the presentence investigation report, which indicated that Kelly had not been successful in prior drug rehabilitation programs, including counseling at the Scioto Paint Valley Mental Health Center.
 {¶ 19} Kelly also claims that the trial court erred when it did not impose the shortest term authorized for a fifth degree felony.
 {¶ 20} R.C. 2929.14(B) provides that where an offender has not previously served a prison term, and the trial court elects or is required to impose a prison term, the trial court shall impose the shortest authorized prison term unless the trial court finds on the record that the shortest prison term (1) will demean the seriousness of the offender's conduct or (2) will not protect the public from future crime by the offender or others. Only one of the two findings is necessary for the trial court's exceeding the minimum sentence. State v. Carlisle (May 10, 2002), Montgomery App. No. 18960.
 {¶ 21} In imposing more than the minimum sentence for possession of cocaine, the trial court made both of the above findings on the record and during the sentencing hearing, as required. State v. Comer,99 Ohio St.3d 463, 469, 2003-Ohio-4165, 793 N.E.2d 473, at paragraph two of the syllabus and ¶ 26, n. 2, and State v. Edmonson, 86 Ohio St.3d 324,326, 1999-Ohio-4165, 715 N.E.2d 131. The trial court indicated that it had considered Kelly's prior criminal history — virtually all of which related to Kelly's abuse of alcohol or drugs — and his "continued significant participation in narcotics," including his use of narcotics during the pendency of this case. Based on those factors, the court concluded that the shortest prison term would demean the seriousness of Kelly's conduct (i.e., possession of cocaine) and would not protect the public from future crime by Kelly or others. These findings are more than sufficient to meet the statutory requirements set forth in R.C. 2929.14(B) for the denial of the minimum sentence for Kelly. As discussed above, the trial court also adequately stated its reasons for imposing a prison term, as required by R.C. 2929.19(B)(2)(a).
 {¶ 22} Next, Kelly claims that the trial court erred when it imposed a jail sentence for the first degree misdemeanor charge.
 {¶ 23} R.C. 2929.22(B)(1) "sets out factors a court must consider before imposing incarceration for committing a misdemeanor offense." Cityof Huber Heights v. Weaver, Montgomery App. No. 20418, 2005-Ohio-1927, ¶ 7. R.C. 2929.22(C) further provides:
 {¶ 24} "Before imposing a jail term as a sentence for a misdemeanor, a court shall consider the appropriateness of imposing a community control sanction or a combination of community control sanctions under sections2929.25, 2929.26, 2929.27 and 2929.28 of the Revised Code. A court may impose the longest jail term authorized under section 2929.24 of the Revised Code only upon offenders who commit the worst forms of the offense or upon offenders whose conduct and response to prior sanctions for prior offenses demonstrate that the imposition of the longest jail term is necessary to deter the offender from committing a future crime."
 {¶ 25} "When determining a misdemeanor sentence, R.C. 2929.22 does not mandate that the record reveal the trial court's consideration of the statutory criteria." State v. McQuerry, Cuyahoga App. No. 85053, 2005-Ohio-2181, ¶ 18 (citing cases); see State v. Johnson (Oct. 24, 1997), Darke App. No. 96CA1427 ("Although it is preferable that the trial court state on the record that it has considered the statutory criteria, there is no requirement that it do so."). Rather, Ohio courts will presume that the trial court considered the factors set forth in R.C.2929.22 when the sentence is within statutory limits in the absence of an affirmative showing to the contrary. E.g., Johnson, supra; State v.Ward, Allen App. Nos. 1-03-70, 1-03-73, 1-03-74, 1-03-75, 2004-Ohio-4156, ¶ 9-10.
 {¶ 26} In the present case, the trial court did not make findings on the record related to the misdemeanor sentence. However, the six month jail sentence is within the statutory limits set forth in R.C. 2929.24(A). Although the record is silent as to the misdemeanor charge, Kelly has made no affirmative showing that the trial court failed to consider the R.C. 2929.22 factors in determining this sentence.
 {¶ 27} Finally, Kelly asserts that the charges against him arose out of the same transaction and course of conduct. He argues that the imposition of two sentences upon this single course of conduct does not comply with the Ohio sentencing guidelines and the goals of Ohio sentencing. Although both charges originated from the stop of Kelly's vehicle by Trooper Williams, the charges are not allied offenses of similar import. See R.C. 2941.25. Kelly's assertion is without merit.
 {¶ 28} The assignments of error are overruled.
 {¶ 29} The judgment of the trial court will be affirmed.
Grady, J. and Donovan, J., concur.