OPINION
{¶ 1} Jason B. Rutherford was convicted by a jury of four misdemeanor offenses, to-wit: driving under a financial responsibility act license suspension, leaving the scene of an accident, driving under license forfeiture suspension, and failure to maintain reasonable control, all of which were based upon an accident causing both property damage and vehicle damage. The first three are misdemeanors of the first degree, and the fourth one is a minor misdemeanor. Mr. Rutherford, with counsel, is appealing not from the convictions but from the sentences imposed by the trial court following the jury verdicts. Counsel is arguing that the trial court did not follow the statutory mandated factors to be considered when misdemeanor sentences are imposed. The appellee has not filed a brief in opposition.
 {¶ 2} Counsel for appellant points to the following statement made by the trial court after the verdicts were rendered:
 {¶ 3} "JUDGE: O.K. Well, you know, uh, the — the story that you gave and the inconsistent stories that were given, um, are — are just — just too incredible for the Court. And, um, the Court, apparently like the jury, that sat here and heard the same testimony, um, really finds your witnesses un-credible, O.K.? And — and there's every reason for you to not be telling the truth. Um, the — the fine on each one of these is going to be a thousand dollar fine, plus costs on each one. And the jail sentence will be a hundred and eighty days in jail. I will give you credit for your time served. The sentences will run consecutive." (Tr. 7-15).
 {¶ 4} If the matter had ended there, the court would clearly be in error in imposing a thousand dollar fine and one hundred and eighty days incarceration for the minor misdemeanor, but the trial court corrected that error in termination entries where it imposed one thousand dollar fine and one hundred and eighty days incarceration for the three first degree misdemeanors and only fined one hundred dollars and no incarceration for the minor misdemeanor.
 {¶ 5} The appellant, in his counsel's brief, expresses some belief that the one hundred and eighty days covered all of the offenses, but it is clear from the record that the court imposed one hundred and eighty days for each of the three first degree misdemeanor offenses, which together total five hundred and forty days, which is the eighteen months he is serving. Thus, the sentences as officially imposed do meet the statutory criteria set forth in R.C. 2929.21, which is titled Penalties for Misdemeanor.
 {¶ 6} However, as the appellant points out, the trial court gave no consideration to the factors set forth in R.C. 2929.22(A) for its consideration when imposing an imprisonment or a fine, or both, for a misdemeanor. That statute says that "the court shall consider the risk that the offender will commit another offense and the need for protecting the public from the risk; the nature and circumstances of the offense; the history, character, and condition of the offender . . . and the ability and resources of the offender and nature of the burden that payment of the fine will impose on the offender." The court may have considered the "history, character, and condition of the offender" because his attorney at the end of the case admitted to the court that "Mr. Rutherford has a very substantial driving record". . . and "even more serious things pending up the street because . . . his potential probation violation that I am sure is going to be coming here soon." (Tr. 163-164). There are further factors that the court must consider in imposing a fine. See R.C. 2929.22(E) and (F). Clearly here the court on the record adjudged only the credibility of the defendant and not, as mandated, the other factors set forth in the aforementioned statutes.
 {¶ 7} The judgment is reversed and the case is remanded for a re-sentencing hearing. The sentences, being in line with the statutes, will not be vacated at this time, but may be vacated or revised by the trial court after a new hearing during which the criteria mentioned above are considered.
Brogan, J. and Wolff, J., concur.