OPINION
{¶ 1} Richard Schaub appeals from his conviction and sentence on one count of aggravated arson.
 {¶ 2} Schaub advances four assignments of error on appeal. First, he contends the trial court erred in its ruling on a pretrial motion to suppress and on the State's motion for joinder of offenses for trial. Second, he claims the trial court erred in overruling his motion for a mistrial and motion to dismiss. Third, he argues that prosecutorial misconduct deprived him of a fair trial. Fourth, he asserts that the trial court erred in finding a lack of remorse when imposing his sentence.
 {¶ 3} Upon review, we find no error in the trial court's rulings on the foregoing motions. We also find no prosecutorial misconduct and no error in the trial court's sentencing decision. Accordingly, the judgment of the Montgomery County Common Pleas Court will be affirmed.
 I. Background {¶ 4} Schaub was indicted in November 2002 on one count of aggravated arson for allegedly setting fire to a residence occupied by Beverly Thompson. While the case was pending, he was indicted under a separate case number on three other counts of arson. After considering a motion for joinder filed by the State, the trial court held that one of the three new arson counts would be tried with the aggravated arson charge. This arson count involved the burning of an unoccupied residence under construction near the Thompson home.
 {¶ 5} Following an unsuccessful motion to suppress, the matter proceeded to trial before a jury in January 2004. The jury acquitted Schaub of the arson charge involving an unoccupied residence but found him guilty of aggravated arson for burning the Thompson home.
 {¶ 6} The State's evidence with regard to the burning of the Thompson home included testimony that the fire was deliberately started. Thompson also identified Schaub as the man she had seen walking around her home shortly before the fire. In addition, police apprehended Schaub at the scene as he was fleeing outside the burning home with his own clothing aflame. He had a lighter in his possession. Schaub's son, Andrew, later identified a white bucket found outside the Thompson home as one belonging to Schaub. Andrew also testified that he had discovered a gas can missing from the Schaubs' garage after the fire.
 II. Analysis {¶ 7} In his first assignment of error, Schaub contends the trial court erred in its ruling on a pretrial motion to suppress and on the State's motion for joinder of offenses for trial. On the former issue, the record reflects that Schaub filed a motion to suppress, inter alia, "any and all evidence, including but not limited to testimony from any witness regarding pretrial identification, whether they be show-ups, photographic arrays, or otherwise." In support, he argued that any such identification was "under circumstances that were unnecessarily suggestive and conducive to irreparable mistaken identification." He also argued that an unduly suggestive pretrial identification would "irrevocably taint any future identifications[.]"
 {¶ 8} The trial court held a September 24, 2003, evidentiary hearing on the motion to suppress. During the hearing, the only discussion of a pretrial identification involved an allegation that Beverly Thompson, the victim of the arson, had identified Schaub as the perpetrator at the scene of the fire. (Suppression Hearing transcript at 60-62). The trial court determined that this pretrial identification was not the product of any government action and, therefore, found no basis for suppression.
 {¶ 9} Schaub raises a different issue on appeal. He argues that the trial court should have suppressed Thompson's subsequent identification of him as the perpetrator while testifying during a bond-reduction hearing. Schaub contends this pretrial identification was unduly suggestive because he was the only person in the courtroom wearing jail attire. We note, however, that Schaub failed to mention Thompson's bond-reduction hearing testimony in his written motion to suppress or during the evidentiary hearing on his motion.[1] As a result, the trial court's suppression ruling did not address Thompson's identification of Schaub during the bond-reduction hearing.
 {¶ 10} Because the only identification issue specifically raised in the trial court concerned Thompson's identification of Schaub at the scene of the fire, we conclude that any issue regarding her identification testimony during the bond-reduction hearing has been waived. In our view, Schaub cannot raise a suppression-issue on appeal that he did not fairly present to the trial court. Accordingly, we find no error in the trial court's suppression ruling.[2]
 {¶ 11} Schaub next argues that the trial court erred in allowing the State to join charges from two separate incidents of arson for trial. As noted above, the two incidents involved the October 2002 burning of a home under construction and the November 2002 burning of Beverly Thompson's nearby residence. Schaub contends separate indictments concerning the two fires should not have been combined for trial because joinder was prejudicial to him.
 {¶ 12} We find Schaub's argument to be without merit. Having reviewed the record, we conclude that the evidence relating to each crime was simple and distinct enough for the jury to segregate it. See State v.Roberts (1980), 62 Ohio St.2d 170, 175; State v. Schaim, 65 Ohio St.3d 51,59, 1992-Ohio-31; State v. Villa, Montgomery App. No. 18868, 2002-Ohio-2939. As a result, Schaub was not prejudiced by joinder of the two offenses for trial.[3] Id. His first assignment of error is overruled.
 {¶ 13} In his second assignment of error, Schaub claims the trial court erred in overruling his motion for a mistrial and motion to dismiss. The mistrial issue stems from the prosecutor asking whether two fire investigators knew where Schaub lived. When questioning the first investigator, the prosecutor asked: "Investigator Dilts, when you were taking those pictures, uh — or while you were investigating this fire I should say, were you aware of where the Schaub residence was located?" The investigator responded affirmatively. (Trial Transcript, Vol. III at 559). The prosecutor later asked a second investigator this question: "And, uh — do you now know where Defendant Schaub lived at the time?" The investigator responded: "At this time, yes, I did [sic]." (Id. 607).
 {¶ 14} Defense counsel failed to lodge a contemporaneous objection to either of the foregoing questions. Instead, counsel moved for a mistrial after the State rested its case. The basis for the motion was that the prosecutor's two questions may have caused jurors to speculate about why the fire investigators knew where Schaub lived. In particular, defense counsel was afraid jurors might infer that fire investigators were familiar with Schaub's residence because he was a suspect in other fires. The trial court overruled Schaub's motion on two grounds. First, it found the objection untimely. Second, it concluded that the prosecutor's questions did not reasonably invite the feared inference.
 {¶ 15} Upon review, we find no error in the trial court's ruling. We agree with the trial court that the jury is unlikely to have drawn the inference feared by Schaub. In any event, we also agree that Schaub failed to preserve the issue by making a timely objection. By waiting until after the State had rested its case to object, Schaub largely deprived the trial court of the ability to take corrective action short of declaring a mistrial. Therefore, we conclude that he waived his objection to the prosecutor's two questions.
 {¶ 16} Schaub next argues that the trial court erred in overruling his Crim.R. 29 motion for judgment of acquittal as to the charge involving the October 2002 burning of a home under construction. Although the trial court overruled this motion, which Schaub made following the State's case-in-chief, the jury ultimately acquitted him on the charge. As a result, any argument about the trial court's ruling on the Crim.R. 29 motion is moot. State v. Williams, 74 Ohio St.3d 569, 576, 1996-Ohio-91. Schaub's second assignment of error is overruled.
 {¶ 17} In his third assignment of error, Schaub argues that prosecutorial misconduct deprived him of a fair trial. In particular, he claims the prosecutor (1) improperly charged him for the October 2002 fire without any evidence to support such a charge, (2) made misrepresentations in the motion for joinder of charges, (3) failed to preserve an audiotape of Beverly Thompson's 911 call the night her home was burned; and (4) made improper appeals to the jurors' emotions in closing argument.
 {¶ 18} Upon review, we find this assignment of error to be unpersuasive. In order to establish that prosecutorial misconduct deprived him of a fair trial, Schaub must show that the prosecutor's actions were improper and that they prejudicially affected his substantial rights. State v. Lott (1990), 51 Ohio St.3d 160.
 {¶ 19} As for the arson charge stemming from the October 2002 fire, we do not agree that the prosecutor lacked any evidence to support it. Although the jury acquitted Schaub on this charge, the State has fully set forth the evidence that supported it. (See Appellee's brief at 12-13). With regard to the motion for joinder, Schaub quarrels with some of the factual representations made by the prosecutor. Even assuming arguendo that the prosecutor inadvertently made one or more incorrect statements,[4] however, we find no prejudice to Schaub. As we explained above, joinder of the two charges was proper given the simple and distinct evidence supporting each one. This remains true regardless of any factual errors in the prosecutor's motion.
 {¶ 20} As for the destruction of the 911 tape, Schaub contends his appellate counsel discovered that it had been "taped over" by the time trial counsel requested it.[5] Nothing in the record before us, however, indicates that the prosecutor had anything to do with the police department taping over the call. As a result, there is no basis for finding prosecutorial misconduct. We note too that Schaub has not established a due process violation as a result of the tape's destruction. He does not dispute that the tape constituted at most "potentially useful" evidence. Such evidence must be destroyed in bad faith before a due process violation will be found. State v. Bolden,
Montgomery App. No. 19943, 2004-Ohio-2315; State v. Franklin, Montgomery App. No. 19041, 2002-Ohio-2370. Schaub cites nothing to support a finding of bad faith.
 {¶ 21} Finally, we find no prosecutorial misconduct based on the State's closing argument. In support of his claim, Schaub criticizes the prosecutor for comparing his acts to the Holocaust and likening him to the one responsible for it. Having reviewed the prosecutor's full closing argument, however, we find no misconduct. Although the prosecutor mentioned the Holocaust once in rebuttal, he did so in the context of arguing that Schaub's denial of culpability — despite the existence of physical evidence and eyewitness testimony — was like a revisionist version of history that denies the Holocaust ever occurred. Contrary to Schaub's argument on appeal, the prosecutor simply did not liken the magnitude of his crime to the Holocaust and did not compare him to one responsible for it. Although the prosecutor did repeat his "revisionist" theme while disputing Schaub's version of events, his isolated reference to the Holocaust at the outset of his rebuttal did not result in unfair prejudice.[6] Schaub's third assignment of error is overruled.
 {¶ 22} In his fourth assignment of error, Schaub asserts that the trial court erred in finding a lack of remorse when imposing his sentence. This assignment of error concerns Schaub's decision to maintain his innocence after the jury convicted him of aggravated arson for burning Beverly Thompson's home. The trial court relied on this claim of innocence at sentencing to find that Schaub had shown a lack of remorse.
 {¶ 23} Although a lack of genuine remorse is a relevant sentencing consideration under R.C. § 2929.12(D)(5), Schaub contends a lack of remorse should not be found when a defendant maintains his innocence following a conviction. We disagree. "[I]t is clear that lack of remorse is an appropriate consideration for sentencing, even for a convicted defendant who maintains his innocence." State v. Farley, Miami App. No. 2002-CA-2, 2002-Ohio-6192, at ¶ 54.
 {¶ 24} Insofar as Schaub's appellate brief raises a constitutional challenge to R.C. § 2929.12(D)(5), we agree with the State that he waived the issue by failing to raise it in the trial court. We retain the discretion, of course, to consider a waived constitutional argument under a plain-error analysis. In re M.D. (1988), 38 Ohio St.3d 149, 151. But we find no plain error here. Schaub's fourth assignment of error is overruled.
 III. Conclusion {¶ 25} Based on the reasoning set forth above, the judgment of the Montgomery County Common Pleas Court is affirmed.
Wolff, J., and Fain, J., concur.
[1] Parenthetically, we note that Schaub also failed to object to Thompson's identification testimony during the bond-reduction hearing.
[2] Even assuming, purely arguendo, that Schaub had preserved the bond-hearing identification issue for appeal and that his argument were meritorious, we would have no difficulty finding harmless error. The evidence with regard to the charge for which he was convicted is truly overwhelming. We find it particularly noteworthy that police apprehended Schaub at the scene while his clothing was still aflame.
[3] This conclusion is further bolstered by the fact that the jury acquitted Schaub of the charge involving the October 2002 burning of a home under construction. See Villa, supra.
[4] Nothing in the record before us suggests that the prosecutor made any intentional misrepresentations in the motion for joinder of charges.
[5] Unfortunately, the record contains no evidence concerning the fate of the 911 tape. For present purposes, however, we will assume, arguendo, that police taped over the 911 call, as Schaub alleges.
[6] In his reply brief, Schaub cites other remarks by the prosecutor that he believes were improper. It is well settled, however, that a party may not raise additional issues in a reply brief. Ostendorf v. MontgomeryCounty Bd. of Commissioners, Montgomery App. Nos. 20257, 20261, 2004-Ohio-4520, at ¶ 29. As a result, we decline to address the propriety of these other remarks.