OPINION
{¶ 1} Beatrice O. Jackson appeals from her conviction and sentence in Vandalia Municipal Court on one count of petty theft, a first-degree misdemeanor.
 {¶ 2} Jackson advances two assignments of error on appeal. First, she contends her conviction is against the manifest weight of the evidence. Second, she claims the trial court erred in failing to consider the applicable misdemeanor sentencing factors and in failing to give reasons for her sentence.
 {¶ 3} The present appeal stems from Jackson's apprehension, along with her daughter Jasmine, for shoplifting from a Dayton-area Kroger store. At Jackson's bench trial, the State presented testimony from two store employees, risk-management worker Roger Sprinkle and store manager Samuel Crosby.
 {¶ 4} Sprinkle testified that he saw Jasmine remove two curling irons from a shelf and then stand face-to-face with Jackson at a distance of about two feet away. He then saw Jasmine conceal the curling irons in her clothing as Jasmine looked one direction down the aisle and Jackson looked the other way down the aisle. Sprinkle testified that it appeared to him as if Jackson was serving as a "lookout" for her daughter. He also testified that Jackson saw Jasmine concealing the items. Sprinkle stated that he stopped Jasmine after she had passed the checkout area and attempted to leave the store. Based on his observations, he also detained Jackson because he believed she had been involved as well. (Trial transcript at 6-12).
 {¶ 5} For his part, Crosby testified that he approached Jackson and asked her to accompany him to an upstairs office following her detention. In response, Jackson asked if she could take her purse with her. Crosby agreed and retrieved a tan purse from Jackson's shopping basket and took it upstairs along with them. The purse later was opened and Crosby observed that it contained nothing but a five-pound bag of sugar and dryer sheets, items for which Jackson had not paid. (Id. at 18-21).
 {¶ 6} The final witness to testify was Jackson herself. She denied seeing her daughter conceal the curling irons. She also testified that she had $30 in her purse to purchase some items. Jackson agreed, however, that the money was not in the purse when it was taken upstairs. She then testified that Crosby did not remove her purse from a basket and bring it upstairs. Instead, she stated that she had carried it with her herself. Jackson suggested that the purse containing the sugar and dryer sheets must have belonged to someone else. (Id. at 26, 30-37).
 {¶ 7} In a subsequent decision and entry, the trial court found the testimony of Sprinkle and Crosby to be "quite credible," while finding Jackson's testimony to be "not credible and not worthy of belief." Therefore, the trial court found Jackson guilty of petty theft in violation of R.C. § 2913.02(A)(1) for aiding and abetting Jasmine in the commission of a theft. Following a presentence investigation and sentencing hearing, the trial court sentenced Jackson to six months in jail, fined her $100, and imposed court costs of $135. The trial court stayed execution of the sentence, and this timely appeal followed.
 {¶ 8} In her first assignment of error, Jackson contends her conviction is against the manifest weight of the evidence. In support, she asserts that her conviction was premised on her aiding and abetting the theft of the curling irons rather than the theft of the items found in the purse. She then suggests that Sprinkle's testimony was not credible and argues that "it is impossible to say" whether she even saw Jasmine conceal the curling irons. Jackson also notes her own protestations of innocence as well as the store's failure to keep a videotape of the incident. Finally, with regard to the purse, Jackson contends the State failed to establish her ownership of it or prove how the items got inside it.
 {¶ 9} Upon review, we find Jackson's first assignment of error to be without merit. Her weight-of-the-evidence argument "challenges the believability of the evidence and asks which of the competing inferences suggested by the evidence is more believable or persuasive." State v.Williams, Montgomery App. No. 20271, 2005-Ohio-1597, at ¶ 41 (citation omitted). When a conviction is challenged on appeal as being against the manifest weight of the evidence, an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider witness credibility, and determine whether, in resolving conflicts in the evidence, the trier of fact "clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Thompkins, 78 Ohio St.3d 380, 387,1997-Ohio-52. A judgment should be reversed as being against the manifest weight of the evidence "only in the exceptional case in which the evidence weighs heavily against the conviction." State v. Martin (1983),20 Ohio App.3d 172, 175.
 {¶ 10} Although a weight-of-the-evidence argument permits a reviewing court to consider the credibility of witnesses, that review must be tempered by the principle that weight and credibility questions are primarily for the trier of fact. State v. Goldwire, Montgomery App. No. 19659, 2003-Ohio-6066, at ¶ 13, citing State v. DeHass (1967),10 Ohio St.2d 230, paragraph one of the syllabus. "`Because the factfinder * * * has the opportunity to see and hear the witnesses, the cautious exercise of the discretionary power of a court of appeals to find that a judgment is against the manifest weight of the evidence requires that substantial deference be extended to the factfinder's determinations of credibility. The decision whether, and to what extent, to credit the testimony of particular witnesses is within the peculiar competence of the factfinder, who has seen and heard the witness.'" Id. at ¶ 14, quoting State v. Lawson (Aug. 22, 1997), Montgomery App. No. 16288.
 {¶ 11} With the foregoing standards in mind, we conclude that Jackson's conviction is supported by the weight of the evidence. Based on our review of the trial transcript, we believe the trial court reasonably found the testimony of Sprinkle and Crosby to be more credible than Jackson's. Moreover, we note that Sprinkle's testimony in particular supports Jackson's petty theft conviction premised on an aiding and abetting theory.[1] Sprinkle testified that he saw Jasmine conceal two curling irons in her clothes while Jackson and Jasmine were standing face-to-face approximately two feet apart with Jackson appearing to act as a "lookout." Having reviewed the record, weighed the evidence and all reasonable inferences, and considered the credibility of the witnesses, we cannot say that the trier of fact clearly lost its way and created a manifest miscarriage of justice. The evidence does not weigh heavily against Jackson's conviction. Accordingly, we overrule her first assignment of error.
 {¶ 12} In her second assignment of error, Jackson contends the trial court erred in failing to consider the applicable misdemeanor sentencing factors and in failing to give reasons for her sentence.
 {¶ 13} Upon review, we are unpersuaded by Jackson's argument. Misdemeanor sentencing is governed by R.C. § 2929.22, which sets forth various considerations to guide a trial court in the exercise of its discretion. We repeatedly have recognized that "Ohio courts will presume that the trial court considered the factors set forth in R.C. § 2929.22
when the sentence is within the statutory limits in the absence of an affirmative showing to the contrary." State v. Kelly, Greene App. No. 2004 CA 122, 2005-Ohio-3058, at ¶ 25; see also State v. Hendricks,
Montgomery App. No. 18947, 2002-Ohio-1201; State v. Orleck, Montgomery App. No. 18745, 2001-Ohio-1929; State v. Mitchell (June 29, 2001), Montgomery App. No. 17816; State v. Gilreath (July 7, 2000), Greene App. No. 2000-CA-01; State v. Hilt (Dec. 31, 1998), Montgomery App. No. 17126. In light of the foregoing presumption, a trial court is not required to discuss the R.C. § 2929.22 considerations on the record or make explicit findings to support its misdemeanor sentence. See, e.g.,Kelly, supra, at ¶ 25-26; Orleck, supra; Mitchell, supra; Gilreath,
supra.
 {¶ 14} In the present case, the trial court sentenced Jackson to serve a six-month jail term for her crime. The sentence is within the limits prescribed by the misdemeanor sentencing statute, and Jackson has not made an affirmative showing that the trial court failed to consider the criteria found in R.C. § 2929.22. Therefore, we may presume that the trial court properly considered the appropriate factors when sentencing Jackson. Even without regard to this presumption, however, we note that the trial court did give two reasons in support of Jackson's sentence: (1) her lack of remorse and failure to accept responsibility for her crime, as evidenced by her continued protestations of innocence at sentencing and (2) her prior conviction for forgery.
 {¶ 15} Although Jackson suggests that the trial court improperly punished her for maintaining her innocence, we have rejected similar arguments in the past. See State v. Farley, Miami App. No. 2002-CA-2, 2002-Ohio-6192, at ¶ 54 ("[I]t is clear that lack of remorse is an appropriate consideration for sentencing, even for a convicted defendant who maintains his innocence."); State v. Schaub, Montgomery App. No. 20394, 2005-Ohio-3328, at ¶ 22-23. We note too that Jackson's prior forgery offense was not her only other criminal conviction. See State v.Beatrice O. Jackson (Nov. 20, 1998), Montgomery App. No. 17128 (affirming Jackson's more recent convictions for disorderly conduct and resisting arrest as a result of her turbulent behavior at a convenience store).
 {¶ 16} In opposition to our analysis herein, Jackson stresses that R.C. § 2929.22 was amended effective January 1, 2004. Given that her theft offense occurred on March 13, 2004, she correctly notes that the amended version of the statute applies to her. Although the General Assembly rephrased and redesigned some aspects of R.C. § 2929.22, the changes neither modified the principle that a trial court is presumed to have considered the factors set forth in the statute nor imposed an obligation on a trial court to make explicit findings in support of its sentence. Indeed, in Kelly, supra, we recently applied the amended version of R.C. § 2929.22 and held that it did not require on-the-record findings to support the imposition of a maximum sentence for a first-degree misdemeanor. Kelly, supra, at ¶ 22-26. Other appellate courts likewise have found that nothing in the amended version of the statute requires a trial court to make findings or give reasons in support of a sentence. See, e.g., City of Maple Heights v. Sweeney,
Cuyahoga App. No. 85415, 2005-Ohio-2820, at ¶ 7-8 (concluding that a trial court need not make on-the-record findings when imposing a maximum sentence for a misdemeanor); City of Youngstown v. Glass, Mahoning App. No. 04 MA 155, 2005-Ohio-2785, at ¶ 17 ("Absent from R.C. 2929.22 is any language that findings and reasons must be stated `on the record.' Thus, in this way the misdemeanor sentencing statute differs from that of the felony sentencing statute."); State v. Harpster, Ashland App. No. 04COA061, 2005-Ohio-1046 ("There is no requirement that a trial court in sentencing on misdemeanor offenses specifically state its reasons on the record as is required in felony sentencing.").[2]
 {¶ 17} Finally, we are unpersuaded that the trial court's 180-day jail sentence is too harsh. As noted above, Jackson has prior felony and misdemeanor convictions, she failed to take responsibility for her actions, and she showed no remorse for engaging in theft with her daughter. These facts in particular support Jackson's sentence. The fact that her daughter, who admitted guilt, received a lighter sentence does not persuade us otherwise. Accordingly, we overrule Jackson's second assignment of error and affirm the judgment of the Vandalia Municipal Court.
Judgment affirmed.
Fain, J., and Donovan, J., concur.
[1] We agree with Jackson's contention that the trial court convicted her based on her role in the theft of the curling irons rather than based on the items found in the purse. In its written decision, the trial court expressly found Jackson guilty of aiding and abetting Jasmine in the commission of a theft offense.
[2] In her appellate brief, Jackson cites State v. Rutherford,
Champaign App. No. 2003 CA 14, 2004-Ohio-2429, for the proposition that a trial court must address all of the R.C. § 2929.22 sentencing considerations on the record. Insofar as Rutherford may be read as supporting such a proposition, we decline to follow it because it is contrary to Kelly, supra, and the other cases discussed above.