[Cite as *State v. Hall*, 2012-Ohio-1571.]

IN THE COURT OF APPEALS FOR MONTGOMERY COUNTY, OHIO

STATE OF OHIO                             :

    Plaintiff-Appellee                 :         C.A. CASE NO. 24753

v.                                       :         T.C. NO.    11CRB488

FRANKIE HALL                              :         (Criminal appeal from
                                                   Municipal Court)

    Defendant-Appellant             :

                                          :

. . . . . . . . . .

**O P I N I O N**

Rendered on the _____6th_____ day of _____April_____, 2012.

. . . . . . . . . .

RAYMOND J. DUNDES, Atty. Reg. No. 0041515, 7 S. Mechanic Street, Lebanon, Ohio 45036
    Attorney for Plaintiff-Appellee

LAUREN L. CLOUSE, Atty. Reg. No. 0084083, 20 S. Main Street, Springboro, Ohio 45066
    Attorney for Defendant-Appellant

. . . . . . . . . .

DONOVAN, J.

{¶ 1}  This matter is before the Court on the notice of appeal of Defendant-appellant Frankie Hall, filed on July 12, 2011, appealing from a judgment of the Montgomery County Municipal Court, Western Division, finding him guilty of domestic violence, a first degree misdemeanor in violation of R.C. _ 2919.25(A).

{¶ 2}    This case stems from a dispute which occurred between Hall and his girlfriend Suzette Wertz ("Wertz") at their residence on 1512 Guenther Rd., Trotwood, Ohio, on the night of April 9, 2011.   According to Wertz, she and Hall had lived together at the residence since February 15, 2011, and had lived at various residences together for around a year and a half.   They also lived with Wertz's daughter and son.

{¶ 3}    On the night of April 9, 2011, Wertz and Hall got into a verbal argument. At one point during the argument, Hall decided to leave and went to the bedroom to pack his things.   Wertz and her daughter followed him to the bedroom.   After further argument, Hall threw his phone against the bedroom wall and punched a hole through two closet doors. According to Wertz and her daughter, who both testified at trial, Hall then turned to her and head butted her face in the nose and mouth area, causing her nose to bleed.

{¶ 4}    Hall testified that the head butt was an accident.   According to Hall, Wertz grabbed his arm when he went to punch the closet doors, throwing him off balance.   Hall maintained that as a result of him losing his balance, the side of his head struck Wertz's face.  In addition to Hall, the defense also called Shiloh Spurlock, who testified that Wertz had told her that the head butt was an accident.   Spurlock was not subpoenaed to testify, and had only informed Hall's attorney of the information the day of the trial.

{¶ 5}    The trial court found Hall guilty of domestic violence and on June 22, 2011, sentenced him to 180 days in jail, with credit for 11 days already served.

{¶ 6}    Hall raises two assignments of error.   In his first assignment of error, Hall contends:

{¶ 7}    "THE    CONVICTION    OF    DEFENDANT/APPELLANT    FOR    THE

OFFENSE OF DOMESTIC VIOLENCE WAS NOT SUPPORTED BY SUFFICIENT EVIDENCE AND WAS ALSO AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."

{¶ 8}  Sufficiency of the evidence and manifest weight of the evidence are two separate legal determinations.  *State v. Thompkins*, 78 Ohio St.3d 380, 386, 678 N.E.2d 541 (1997). A sufficiency-of-the-evidence argument contends that the state failed to present adequate evidence to prove each of the elements of the charged offense to sustain a verdict as a matter of law.  *Id.*  The proper test to apply when reviewing the record for sufficiency of the evidence is set forth in paragraph two of the syllabus in *State v. Jenks*, 61 Ohio St.3d. 259, 574 N.E.2d 492 (1991): "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt."

{¶ 9}  Hall contends that the prosecution failed to adduce sufficient evidence to prove that he *knowingly* caused or attempted to cause harm to Wertz.  "A person acts knowingly, regardless of his purpose, when he is aware that his conduct will probably cause a result or probably be of a certain nature."  R.C. _ 2901.22(B).  At trial, Wertz testified that Hall "turned around and head butted me in the face."  Similarly, Wertz's daughter testified that Hall "had turned around and punched a hole through two of my mom's closet doors, called her another name and head butted her in the nose."  The testimony provided by Wertz and her daughter, if believed, would have convinced a reasonable trier of fact that Hall knowingly caused harm to Wertz.

{¶ 10}    Hall also attacks the credibility of the state's witnesses by arguing that they were biased.   Credibility is best determined by the trier of fact.   Because the trial court was in the best position to evaluate the witnesses' credibility, we cannot say that it erred in crediting the state's witnesses.

{¶ 11}   When reviewing the record under a manifest weight argument, "[t]he court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.   The discretionary power to grant a new trial should be exercised only in the exceptional case in which evidence weighs heavily against the conviction."   *Thompkins*, 78 Ohio St.3d at 387, 678 N.E.2d 541, quoting *State v. Martin*, 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1st Dist. 1983).

{¶ 12}   The credibility of witnesses and the weight given to their testimony are matters for the trier of fact to resolve.   *State v. DeHass*, 10 Ohio St.2d 230, 227 N.E.2d 212 (1967).   As this court has previously observed:

> Because the fact finder * * * has the opportunity to see and hear the witnesses, the cautious exercise of the discretionary power of a court of appeals to find that a judgment is against the manifest weight of the evidence requires that substantial deference be extended to the factfinder's determination of credibility.   The decision whether, and to what extent, to credit the testimony of particular witnesses is within the peculiar competence of the factfinder, who has seen and heard the witness.   *State v. Lawson*, 2d

Dist. Montgomery No. 16288, 1997 WL 476684, *4 (Aug. 22, 1997).

{¶ 13}   Hall's manifest weight argument is based on his contention that the testimony presented by the defense was more credible and reliable than that presented by the prosecuting attorney.  Hall maintains that Spurlock's testimony attacked the credibility of Wertz's story and established that she had admitted the whole thing was an accident, and that the combination of his and Spurlock's testimony should have caused the court to come to a different verdict.

{¶ 14}   The trial court was in the best position to determine the witnesses' credibility, and did not lose its way simply because it chose to believe the state's witnesses over the defendant's witnesses.  Reviewing the record as a whole, we cannot say that the evidence weighs heavily against a conviction, the trial court clearly lost its way, or there was a miscarriage of justice.   Appellant's first assignment of error is overruled.

{¶ 15}   In his second assignment of error, Hall contends:

{¶ 16}   "THE TRIAL COURT ERRED WHEN IT DID NOT CONSIDER THE PRINCIPLES AND PURPOSES OF SENTENCING UNDER R.C. _ 2929.21 OR THE FACTORS SET FORTH IN R.C. _ 2929.22."

{¶ 17}   A trial court that imposes a sentence for a misdemeanor has discretion to determine the most effective way to achieve the purposes and principles of sentencing, which are to protect the public from future crime by the offender, and punish the offender. R.C. _ 2929.21(A); 2929.22 (A). The court must also consider the factors set out in R.C. _ 2929.22(B)(1)(a) through (e).  A failure to consider these factors constitutes an abuse of discretion.  *State v. Johson*, 164 Ohio App.3d 792, 2005-Ohio-6826, 844 N.E.2d 372, _ 9

(2d Dist.).

{¶ 18} We have consistently held that "Ohio courts will presume that the trial court considered the factors set forth in R.C. _ 2929.22 when the sentence is within the statutory limits in the absence of an affirmative showing to the contrary." *State v. Jackson*, 2d Dist. Montgomery No. 20819, 2005-Ohio-4521 at _ 13; *see also State v. Kelly*, 2d Dist. Greene No. 2004 CA 122, 2005-Ohio-4521;*State v. Hendricks*, 2d Dist. Montgomery No. 18947, 2002-Ohio-1201; *State v. Orleck*, 2d Dist. Montgomery No. 18745, 2001-Ohio-1929. Because of this presumption, a trial court is not required to discuss the considerations listed in R.C. _ 2929.22 on the record, or make explicit findings to support the sentencing. *Jackson*, 2005-Ohio-4521 at _ 13.

{¶ 19} Hall was sentenced to 180 days in jail, with 11 days credit for time served. This is within the statutory limits for a first degree misdemeanor, and Hall has failed to make an affirmative showing that the trial court failed to consider the factors in R.C. _ 2929.22. Therefore, we presume that the trial court considered the appropriate factors in sentencing Hall. Because the trial court considered the specific factors outlined in R.C. _ 2929.22, it logically follows that the court also considered the broader principles and purposes outlined in R.C. _ 2929.21.

{¶ 20} Further, we note that the trial court indicated at the sentencing hearing that it had reviewed the pre-sentence report. Additionally, evidence was adduced during trial that Hall was on post release control for a murder conviction. Recidivism and the risk of future violence are factors outlined in R.C. _ 2929.22, and we cannot say that the trial court failed to consider such factors when exercising its discretion. Hall's second assignment of

error is overruled.   The judgment of the trial court is affirmed.

. . . . . . . . . .

GRADY, P.J. and HALL, J., concur.

Copies mailed to:

Raymond J. Dundes
Lauren L. Clouse
Hon. James L. Manning

C