[Cite as *State v. Horr*, 2022-Ohio-3160.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 29391 |
| | : | |
| v. | : | Trial Court Case No. 2021-CRB-851 |
| | : | |
| JAMES HORR | : | (Criminal Appeal from |
| | : | Municipal Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 9th day of September, 2022.

. . . . . . . . . . .

NOLAN C. THOMAS, Atty. Reg. No. 0078255, Prosecuting Attorney, City of Kettering Prosecutor's Office, 2325 Wilmington Pike, Kettering, Ohio 45420
    Attorney for Plaintiff-Appellee

AMY E. BAILEY, Atty. Reg. No. 0088397, Ferguson Law Office, LLC, 130 West Second Street, Suite 2100, Dayton, Ohio 45402
    Attorney for Defendant-Appellant

. . . . . . . . . . . . .

LEWIS, J.

{¶ 1} Defendant-Appellant James Horr appeals from the Kettering Municipal Court's judgment convicting him, after his no contest plea, of one count of criminal trespassing, a misdemeanor of the fourth degree. On appeal, Horr challenges his sentence of 30 days in jail with 27 days suspended, arguing that the trial court abused its discretion in sentencing him to any jail time. For the reasons that follow, the judgment of the trial court is affirmed.

## I. Facts and Procedural History

{¶ 2} According to the presentence investigation report ("PSI"), at approximately 11:55 a.m. on June 26, 2021, Kettering police officers were dispatched to the post office at 1490 Forrer Boulevard on a report of a person present who had been previously trespassed from the premises. When officers arrived, they found Horr videotaping the post office grounds from the sidewalk. It was later learned that Horr had been inside the post office and in the driveway prior to the arrival of the police. During the encounter, Horr was very disrespectful. Horr recorded the encounter, which he then posted on YouTube, an internet website. Horr was not arrested and was served a summons.

{¶ 3} Horr was charged with one count of criminal trespassing, in violation of R.C. 2911.21, a misdemeanor of the fourth degree. On October 13, 2021, Horr entered a negotiated plea agreement wherein he agreed to plead no contest to the instant charge and the State agreed to dismiss a separate charge of criminal trespass in Kettering M.C. Case No. 2021-CRB-1291. There was no agreement as to sentencing. Upon accepting Horr's plea and finding Horr guilty, the trial court ordered a PSI. At sentencing, the trial court imposed 30 days of jail with 27 days suspended, a $250 fine with $150 suspended,

two years of supervised probation with no new offenses, a requirement to stay off the premises of the Forrer Boulevard Post Office branch, and completion of a mental health assessment with follow up treatment if recommended. At Horr's request, his sentence was stayed pending appeal.

## II. Sentencing

{¶ 4} In his sole assignment of error, Horr claims that the trial court abused its discretion in imposing jail time.

{¶ 5} "A trial court that imposes a sentence for a misdemeanor has discretion to determine the most effective way to achieve the purposes and principles of misdemeanor sentencing, which are to protect the public from future crime by the offender and to punish the offender." *State v. Johnson*, 164 Ohio App.3d 792, 2005-Ohio-6826, 844 N.E.2d 372, ¶ 9 (2d Dist.), citing R.C. 2929.21(A) and 2929.22(A). "To achieve those purposes, the sentencing court [must] consider the impact of the offense upon the victim and the need for changing the offender's behavior, rehabilitating the offender, and making restitution to the victim of the offense, the public, or the victim and the public." R.C. 2929.21(A). The trial court's sentence must be "reasonably calculated to achieve the two overriding purposes of misdemeanor sentencing * * *, commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar offenses committed by similar offenders." R.C. 2929.21(B). Unless a mandatory jail term or specific sanction is required to be imposed, a trial court has discretion to determine the most effective way to achieve the purposes and principles of misdemeanor sentencing, which may include any

sanction or combination of sanctions authorized.   R.C. 2929.22(A).

{¶ 6} In determining the appropriate sentence for a misdemeanor, the trial court must consider the following factors in addition to any other factors relevant to achieving the purposes and principles of misdemeanor sentencing:

(a) The nature and circumstances of the offense or offenses;

(b) Whether the circumstances regarding the offender and the offense or offenses indicate that the offender has a history of persistent criminal activity and that the offender's character and condition reveal a substantial risk that the offender will commit another offense;

(c) Whether the circumstances regarding the offender and the offense or offenses indicate that the offender's history, character, and condition reveal a substantial risk that the offender will be a danger to others and that the offender's conduct has been characterized by a pattern of repetitive, compulsive, or aggressive behavior with heedless indifference to the consequences;

(d) Whether the victim's youth, age, disability, or other factor made the victim particularly vulnerable to the offense or made the impact of the offense more serious;

(e) Whether the offender is likely to commit future crimes in general, in addition to the circumstances described in divisions (B)(1)(b) and (c) of this section;

(f) Whether the offender has an emotional, mental, or physical condition that is traceable to the offender's service in the armed forces of the United States and that was a contributing factor in the offender's commission of the offense or offenses;

(g) The offender's military service record.

R.C. 2929.22(B)(1)(a)-(g).

{¶ 7} "[A] trial court is not required to discuss the R.C. 2929.22 considerations on the record or make explicit findings to support its misdemeanor sentence." *State v. Jackson*, 2d Dist. Montgomery No. 20819, 2005-Ohio-4521, ¶ 13. When a misdemeanor sentence is imposed within the statutory limits, reviewing courts will presume that the trial court considered the factors set forth in R.C. 2929.22 absent an affirmative showing to the contrary. *Id.*

{¶ 8} We review misdemeanor sentences for an abuse of discretion. *State v. Johnson*, 2d Dist. Montgomery No. 29336, 2022-Ohio-1782, ¶ 14. An abuse of discretion implies an attitude that is unreasonable, arbitrary or unconscionable. *AAAA Ents., Inc. v. River Place Community Redevelopment*, 50 Ohio St.3d 157, 161, 553 N.E.2d 597 (1990).

{¶ 9} The PSI reflects that at the time of sentencing, Horr was 53 years old, had been other than honorably discharged from the Navy, and had no reported substance abuse issues or mental health history. Prior to his sentence in this case, Horr did not have any known prior criminal convictions, although he did have two prior convictions for driving under suspension. He had been charged with a separate criminal trespass

offense in Kettering Municipal Court, which was alleged to have occurred after the instant offense; however, that case was dismissed as part of the plea negotiations. The PSI also reflected that an active protection order had been issued against Horr through the Montgomery County Common Pleas Court.

{¶ 10} At sentencing, the trial court stated that it had reviewed the PSI and the State's sentencing memorandum. Both defense counsel and Horr offered statements in mitigation as well. Additionally, the trial court considered a video of the event that led to the charges, which had been posted online by Horr. The video was not introduced into evidence, but the State included a link to the video in its sentencing memorandum.

{¶ 11} The trial court explicitly stated that it had considered R.C. 2929.22 and the purposes and principles of misdemeanor sentencing. During the course of the hearing, the trial court acknowledged that it was required to consider whether Horr was likely to reoffend or if he posed a danger to the community. According to the State's sentencing memorandum, on June 23, 2021, Horr was trespassed from the Forrer Boulevard Post Office after frightening employees and disrupting operations. Only three days later, the incident in the underlying case occurred, which Horr posted to YouTube. In the video, Horr berated and insulted the officers, calling them names and making derogatory comments.

{¶ 12} In contrast, Horr claimed he had been "polite and respectful" but admitted that he had been "belligerent" while on the sidewalk. He also stated that he "can speak to the police however I feel I need to speak to them," primarily because he did not think he was doing anything wrong. Sentencing Tr. 6; PSI.

{¶ 13} Considering the nature and circumstances of the offense, as is required under R.C. 2929.22(B)(1)(a), the trial court asserted that while a trespass offense is a relatively minor offense, Horr "did everything in [his] power to make it a lot more of a big deal[.]" Sentencing Tr. 5. According to the trial court, what Horr did was "spen[d] the better part of twelve to fifteen minutes trying [his] best to taunt the police, to get them to engage with [him], to get them to lose their temper, to maybe provoke them into something." *Id.* at 6. The trial court concluded that based on his actions, Horr was probably obstructing the police in the performance of their duties; although not charged with that offense, Horr had no respect for the law, and his behavior in this case made it "not an ordinary Criminal Trespass." Sentencing Tr. 8-9. The trial court further noted that Horr had "acknowledged absolutely no responsibility for [his] conduct in this case." Sentencing Tr. 10.

{¶ 14} Although Horr had no known prior criminal history, the significance of his offense and his ensuing actions were readily apparent. We also note that as part of his plea agreement, the State dismissed yet another charge of criminal trespass that was alleged to have occurred after the incident in this case. The trial court could have reasonably concluded that the "nature and circumstances of the offense" weighed in favor of imposing a term of imprisonment and that the sentence imposed was consistent with the need "to protect the public from future crime by the offender and others and to punish the offender."

{¶ 15} Upon review of the record, we cannot conclude that the trial court's imposition of jail time was an abuse of discretion. The record reflects that the trial court

considered the appropriate sentencing statutes and imposed a sentence within the applicable sentencing range authorized by R.C. 2929.24(A)(4) for a fourth-degree misdemeanor. Accordingly, Horr's assignment of error is overruled.

### III. Conclusion

{¶ 16} Having overruled Horr's assignment of error, the trial court's judgment is affirmed.

. . . . . . . . . . . . .

WELBAUM, J. and EPLEY, J., concur.


Copies sent to:

Nolan C. Thomas
John D. Everett
Amy E. Bailey
Hon. Frederick W. Dressel