[Cite as *State v. Taylor-Franklin*, 2023-Ohio-1851.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF WAYNE | ) | |

| | | |
|---|---|---|
| STATE OF OHIO | | C.A. No. 22AP0014 |
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| ROBERT TAYLOR-FRANKLIN | | WAYNE COUNTY MUNICIPAL COURT COUNTY OF WAYNE, OHIO |
| Appellant | | CASE No. 2021 CR-B 001345 |

DECISION AND JOURNAL ENTRY

Dated: June 5, 2023

CARR, Judge.

{¶1} Appellant, Robert Taylor-Franklin, appeals the judgment of the Wayne County Municipal Court. This Court affirms.

I.

{¶2} In the early morning hours of November 7, 2021, police were dispatched to North Buckeye Street in Wooster after several men were involved in an altercation. After police arrived, Taylor-Franklin and the victim continued to argue and they ultimately had to be separated.

{¶3} Taylor-Franklin was charged with one count of assault and one count of disorderly conduct in relation to the incident. Taylor-Franklin pleaded no contest to the charges and the trial court found him guilty. Prior to sentencing, the trial court ordered a presentence investigation report ("PSI"). On the count of assault, the trial court imposed a 12-month community control sanction and ordered Taylor-Franklin to continue his counseling through the One Eighty program and to refrain from using or possessing alcohol. The trial court also imposed a 30-day jail sentence

but suspended it so that Taylor-Franklin could be screened to serve the jail time on electronically monitored house arrest. The trial court further imposed a $350 fine plus courts costs on the assault charge and a $100 fine plus court costs on the disorderly conduct charge.

{¶4} Taylor-Franklin successfully moved for leave to file a delayed appeal.[1] Now before this Court, Taylor-Franklin raises one assignment of error.

II.

**ASSIGNMENT OF ERROR**

THE TRIAL COURT ERRED WHEN IT SENTENCED APPELLANT WITHOUT CONSIDERING THE PURPOSES AND PRINCIPLES OF MISDEMEANOR SENTENCING CONTAINED IN [R.C.] 2929.21 AND THE SENTENCING FACTORS LISTED IN [R.C.] 2929.22.

{¶5} In his sole assignment of error, Taylor-Franklin argues that the trial court abused its discretion by failing to consider the purposes and principles of sentencing set forth in R.C. 2929.21 and the sentencing factors set forth in R.C. 2929.22. This Court disagrees.

{¶6} "Unless a sentence is contrary to law, we review challenges to misdemeanor sentencing for an abuse of discretion." (Citation omitted.) *State v. Hoffman*, 9th Dist. Medina No. 17CA0067-M, 2018-Ohio-2992, ¶ 5. An abuse of discretion indicates that the trial court was unreasonable, arbitrary, or unconscionable in its ruling. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶7} R.C. 2929.21(A) provides that "[t]he overriding purposes of misdemeanor sentencing are to protect the public from future crime by the offender and others and to punish the offender." "To achieve those purposes, the sentencing court shall consider the impact of the offense upon the victim and the need for changing the offender's behavior, rehabilitating the

---

[1] Taylor-Franklin then filed a motion to stay the execution of his sentence pending the outcome of his appeal. The trial court denied the motion.

offender, and making restitution to the victim of the offense, the public, or the victim and the public." *Id.* A sentence imposed pursuant to R.C. 2929.21(A) "shall be reasonably calculated to achieve the two overriding purposes of misdemeanor sentencing" and shall further be "commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar offenses committed by similar offenders." R.C. 2929.21(B).

**{¶8}** R.C. 2929.22(B)(1) sets forth the following factors for a trial court to consider in determining an appropriate sentence for a misdemeanor offense:

(a) The nature and circumstances of the offense or offenses;

(b) Whether the circumstances regarding the offender and the offense or offenses indicate that the offender has a history of persistent criminal activity and that the offender's character and condition reveal a substantial risk that the offender will commit another offense;

(c) Whether the circumstances regarding the offender and the offense or offenses indicate that the offender's history, character, and condition reveal a substantial risk that the offender will be a danger to others and that the offender's conduct has been characterized by a pattern of repetitive, compulsive, or aggressive behavior with heedless indifference to the consequences;

(d) Whether the victim's youth, age, disability, or other factor made the victim particularly vulnerable to the offense or made the impact of the offense more serious;

(e) Whether the offender is likely to commit future crimes in general, in addition to the circumstances described in divisions (B)(1)(b) and (c) of this section;

(f) Whether the offender has an emotional, mental, or physical condition that is traceable to the offender's service in the armed forces of the United States and that was a contributing factor in the offender's commission of the offense or offenses;

(g) The offender's military service record.

**{¶9}** On appeal, Taylor-Franklin does not challenge the legality of his sentence. Instead, he argues that the trial court's decision to include a 30-day jail term as part of its sentence indicates

that the trial court wholly disregarded R.C. 2929.21 and R.C. 2929.22 and, thus, abused its discretion.

{¶10} A thorough review of the record in this case reveals that the trial court did not disregard R.C. 2929.21 and R.C. 2929.22. The trial court stated in the sentencing entry that it considered the factors set forth in R.C. Chapter 2929. When imposing a sentence for a misdemeanor, a trial court has discretion "to determine the most effective way to achieve the purposes and principles of sentencing set forth in [R.C. 2929.21]." R.C. 2929.22(A). "[A] court that imposes a sentence upon an offender for a misdemeanor may impose on the offender any sanction or combination of sanctions under sections 2929.24 to 2929.28 of the Revised Code." R.C. 2929.22(A). R.C. 2929.22 does not contain a requirement that the trial court set forth findings or discuss the statutory considerations on the record when imposing a misdemeanor sentence. *See State v. Horr*, 2d. Dist. Montgomery No. 29391, 2022-Ohio-3160, ¶ 7. A trial court is presumed to have considered the factors in R.C. 2929.22 absent an affirmative showing to the contrary. *State v. Seidowsky*, 9th Dist. Medina No. 13CA0037-M, 2015-Ohio-4311, ¶ 6. Taylor-Franklin's challenge pertains to his sentence for assault, a misdemeanor of the first degree. R.C. 2929.24 provides that a trial court may impose a jail term of up to 180 days for a first-degree misdemeanor. Here, in addition to imposing a 12-month community control term that included anger management counseling and an alcohol assessment, the trial court imposed a 30-day jail sentence but suspended it so that Taylor-Franklin could be screened to serve the jail time on house arrest. Taylor-Franklin was successfully screened and placed on house arrest.

{¶11} At the sentencing hearing, the trial court highlighted the seriousness of Taylor-Franklin's conduct as well as the role that alcohol played in fueling the incident. The trial court observed that Taylor-Franklin was "playing a dangerous game" by "go[ing] after somebody like

this." When Taylor-Franklin suggested that he rarely uses alcohol, the trial court engaged in a line of questioning that underscored the role that alcohol played in the situation getting out of hand. The trial court acknowledged several mitigating factors, such as the victim's conduct during the incident and the fact that Taylor-Franklin had already sought out counseling. Nevertheless, the trial court imposed a sentence that included a 30-day jail term due to the severity of Taylor-Franklin's conduct. The trial court explained that because Taylor-Franklin had taken the initiative to begin counseling, he could be permitted to serve the jail-term while on house arrest.

{¶12} The sentencing transcript further makes clear that the trial court carefully considered the PSI in fashioning its sentence. The PSI reveals that Taylor-Franklin had a prior disorderly conduct conviction in Wayne County as well as several other drug-related convictions. Taylor-Franklin also had a prior felony assault conviction in South Carolina. The PSI's sentencing recommendation for Taylor-Franklin included incarceration with the option for that time to be served on house arrest, as well as community control with anger management and alcohol counseling.

{¶13} Under these circumstances, where Taylor-Franklin has failed to demonstrate that the trial court disregarded the relevant statutory provisions, we cannot say that the trial court abused its discretion in imposing sentence. Taylor-Franklin's assignment of error is overruled.

III.

{¶14} Taylor-Franklin's assignment of error is overruled. The judgment of the Wayne County Municipal Court is affirmed.

Judgment affirmed.

_____

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Wayne County Municipal Court, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

DONNA J. CARR
FOR THE COURT

SUTTON, P. J.
HENSAL, J.
CONCUR.

APPEARANCES:

WESLEY A. JOHNSTON, Attorney at Law, for Appellant.

ANGELA WYPASEK, Prosecuting Attorney, and BRIANNA DIETRY, Assistant Prosecuting Attorney, for Appellee.