[Cite as *State v. Dearmond*, 2025-Ohio-4878.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CLARK COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | C.A. No. 2025-CA-29 |
| Appellee | : | |
| | : | Trial Court Case No. 24 CRB 02039 |
| v. | : | |
| | : | (Criminal Appeal from Municipal Court) |
| TYREN DEARMOND JR. | : | |
| | : | **FINAL JUDGMENT ENTRY &** |
| Appellant | : | **OPINION** |
| | : | |

. . . . . . . . . . .

Pursuant to the opinion of this court rendered on October 24, 2025, the judgment of the trial court is affirmed.

Costs to be paid as stated in App.R. 24.

Pursuant to Ohio App.R. 30(A), the clerk of the court of appeals shall immediately serve notice of this judgment upon all parties and make a note in the docket of the service. Additionally, pursuant to App.R. 27, the clerk of the court of appeals shall send a certified copy of this judgment, which constitutes a mandate, to the clerk of the trial court and note the service on the appellate docket.


For the court,


_____
ROBERT G. HANSEMAN, JUDGE


TUCKER, J., and LEWIS, J., concur.

**OPINION**

ALANA VAN GUNDY, Attorney for Appellant
ERIN J, MCENANEY, Attorney for Appellee

HANSEMAN, J.

{¶ 1} In this case, Defendant-Appellant, Tyren Dearmond, Jr., appeals from his conviction and sentence for first-degree misdemeanor assault, following a no contest plea. According to Dearmond, the trial court abused its discretion by imposing an excessive sentence in violation of R.C. 2929.22. Specifically, Dearmond contends the court failed to account for mitigating evidence, rehabilitation potential, and the statutory purposes of misdemeanor sentencing. For the reasons discussed below, we find no abuse of discretion. The judgment of the trial court, therefore, is affirmed.

## I. Facts and Course of Proceedings

{¶ 2} On August 5, 2024, a criminal complaint was filed in Clark County Municipal Court, charging Dearmond with one count of assault, a violation of R.C. 2903.13(A). This was a first-degree misdemeanor. The complaint was accompanied by a probable cause affidavit in which Officer Householder recounted details of his investigation of an assault complaint. J.B., the complainant, alleged that Dearmond had assaulted her on August 3, 2024, at the Buckeye Sports Lounge in Springfield, Ohio, by striking her in the face three or four times. J.B. further alleged that this had caused significant bruising to her face, that she had been taken for treatment, and that she had stitches on the right side of her face, just below her eyebrow.

{¶ 3} After receiving the complaint, the court issued a warrant for Dearmond's arrest, which was served on August 23. Dearmond was brought to court that day, and the court set

a pretrial for September 9. However, because Dearmond failed to appear for the pretrial, the court issued a bench warrant, which was later recalled on October 3. At that point, the court set another pretrial for October 28. A public defender also entered a notice of appearance on Dearmond's behalf, and Dearmond pled not guilty to the charge. At the next pretrial, the court scheduled a jury trial for February 19, 2025. Due to a conflict, however, Dearmond's counsel was later allowed to withdraw. As a result, the court appointed different counsel for Dearmond and set another pretrial for February 25. When Dearmond again failed to appear for the pretrial, the court issued a second bench warrant.

{¶ 4} Dearmond subsequently waived his right to a jury trial, which resulted in a new trial date of March 28, 2025. However, on March 21, Dearmond appeared in court and entered a no contest plea. The court accepted the plea and found him guilty as charged. Transcript of Proceedings (Mar. 21, 2025) ("Tr."), 6-10. The court then sentenced Dearmond to 170 days in jail and required him to pay court costs plus $450 in restitution. Dearmond timely appealed from the judgment.

## II. Abuse of Discretion in Sentencing

{¶ 5} Dearmond's sole assignment of error states that:

The Trial Court Erred by Imposing an Excessive Sentence for a Misdemeanor Offense in Violation of R.C. 2929.22, Where the Sentence Failed to Properly Account for Mitigating Evidence, Rehabilitation Potential, and the Statutory Purposes of Misdemeanor Sentencing, Thereby Constituting an Abuse of Discretion.

{¶ 6} Under this assignment of error, Dearmond contends the trial court failed to consider significant mitigating evidence that he presented, including his sincere remorse, acknowledgment of personal failings, and expression of desire to improve his behavior.

3

Dearmond further notes that he had just become a father and that his counsel asked for probation so that Dearmond could support his child and pay restitution.

{¶ 7} As indicated, Dearmond was convicted of assault in violation of R.C. 2903.13(A), which is a first-degree misdemeanor. *See* R.C. 2903.13(C)(1). Under R.C. 2929.24(A)(1), if a judge elects to impose a jail term for a first-degree misdemeanor, the maximum potential time for a conviction is 180 days in jail. Therefore, the trial court did not impose the maximum sentence on Dearmond; the court only imposed 170 days in jail.

{¶ 8} Misdemeanor sentences are reviewed for abuse of discretion. *State v. Scott*, 2023-Ohio-476, ¶ 7 (2d Dist.), citing *State v. Johnson*, 2022-Ohio-1782, ¶ 14 (2d Dist.). Trial courts commit abuses of discretion when their decisions are "unreasonable, unconscionable, or arbitrary." *State v. Darmond*, 2013-Ohio-966, ¶ 34, citing *State v. Adams*, 62 Ohio St.2d 151, 157 (1980). However, "most instances of abuse of discretion will result in decisions that are simply unreasonable, rather than decisions that are unconscionable or arbitrary." *AAAA Ents., Inc. v. River Place Community Urban Redevelopment Corp*., 50 Ohio St.3d 157, 161 (1990). Decisions are unreasonable if they are not supported by sound reasoning. *Id*.

{¶ 9} When trial courts sentence offenders for misdemeanor offenses, they are guided by the "overriding purposes of misdemeanor sentencing," which "are to protect the public from future crime by the offender and others and to punish the offender." R.C. 2929.21(A). "To achieve those purposes, the sentencing court shall consider the impact of the offense upon the victim and the need for changing the offender's behavior, rehabilitating the offender, and making restitution to the victim of the offense, the public, or the victim and the public." *Id*. As relevant here, unless the court is required to impose a mandatory jail term for a misdemeanor, it "has discretion to determine the most effective

4

way to achieve the purposes and principles of sentencing set forth in section 2929.21 of the Revised Code." R.C. 2929.22(A).

{¶ 10} R.C. 2929.22(B)(1) outlines the factors that trial courts must consider when deciding the appropriate sentence for misdemeanors. These include:

(a) The nature and circumstances of the offense or offenses;

(b) Whether the circumstances regarding the offender and the offense or offenses indicate that the offender has a history of persistent criminal activity and that the offender's character and condition reveal a substantial risk that the offender will commit another offense;

(c) Whether the circumstances regarding the offender and the offense or offenses indicate that the offender's history, character, and condition reveal a substantial risk that the offender will be a danger to others and that the offender's conduct has been characterized by a pattern of repetitive, compulsive, or aggressive behavior with heedless indifference to the consequences;

(d) Whether the victim's youth, age, disability, or other factor made the victim particularly vulnerable to the offense or made the impact of the offense more serious;

(e) Whether the offender is likely to commit future crimes in general, in addition to the circumstances described in divisions (B)(1)(b) and (c) of this section;

(f) Whether the offender has an emotional, mental, or physical condition that is traceable to the offender's service in the armed forces of the United

States and that was a contributing factor in the offender's commission of the offense or offenses; [and]

(g) The offender's military service record.

{¶ 11} Courts do not have to discuss these factors, nor do they need to make explicit findings to support their sentences. *State v. Horr*, 2022-Ohio-3160, ¶ 7 (2d Dist.), citing *State v. Jackson*, 2005-Ohio-4521, ¶ 13 (2d Dist.). Furthermore, if a sentence is within statutory limits, a reviewing court presumes the trial court considered the factors unless a contrary affirmative showing is made. *Id*.

{¶ 12} After reviewing the record, we find no abuse of discretion by the trial court. In the first place, Dearmond's account of the facts is incorrect, just as it was during the sentencing hearing. In his brief, Dearmond contends that he "struck a friend during a chaotic group altercation." Appellant's Brief, p. 5. During the sentencing hearing, Dearmond's counsel began her mitigation statement by saying that, "This is a, there had been a bigger argument going on in this case. This ended up turning into, there was a whole bar fight going on in this situation. He was one part of it. There were I think 10 or 11 different fights going on all at the same time so bigger picture, there was a lot of chaos going on at the moment." Tr. at 10. Dearmond also stated during the hearing that he had known the victim before, and did not know what happened that evening, that "[i]t was just a lot and no hard feelings." *Id*.

{¶ 13} After that, the victim spoke, stating:

The only thing I do want to clarify. Yes, there was a lot of fights but that was the beginning of the fight. Me and my brother was walking out, he was jumped and he [Dearmond] came proceeding from behind to hit me. There was no fight before that. There was no fight, through all the fights that happened, I was already at the hospital getting stitches. So that obviously is [not] coming

6

straight to say there was a lot of different fights because that started all the fights because he hit me first when I was walking outside the bar.

Tr. at 12. The victim also stated that she had seven stitches and a concussion. *Id.*

{¶ 14} Dearmond's trial counsel also incorrectly stated at sentencing that Dearmond had shown up for every hearing in the current case. *Id*. at 11. As indicated, two bench warrants had been issued in the case because Dearmond failed to appear for pretrial hearings.

{¶ 15} Before imposing sentence, the trial court noted that it had reviewed Dearmond's prior court interactions. These included drug possession and menacing convictions in 2017, several indictments in the common pleas court that resulted in a combined prison sentence of around 30 months, and about eight convictions for driving under suspension or without a license. Referencing these matters, the court found "a real pattern going on here of [Dearmond] either being violent and/or just ignoring court orders." *Id*. at 13-14. The court then considered the statutory factors, noting: (1) the victim had a significant injury, including a concussion; (2) a substantial risk existed of Dearmond being a danger to others due to his pattern of "compulsive or aggressive behavior with heedless indifference to the consequences"; (3) the impact of the offense was more serious because the victim was walking away at the time; and (4) the entire record revealed that Dearmond was likely to commit crimes in the future. *Id*. at 16-17.

{¶ 16} At the time of the crime, Dearmond was only 26 years old and had a history of criminal convictions dating back to 2017, when he was 18 years old. *Id*. at 16. He had served 26 months in prison (after being released early for having attended college), and he then incurred more criminal charges. In fact, at the time of sentencing, other criminal charges were pending against Dearmond in the same municipal court. Tr. at 11. Under the

7

circumstances, the court's decision to sentence Dearmond to a jail term (less than the maximum) was supported by sound reasoning. Accordingly, Dearmond's sole assignment of error is overruled.

### III. Conclusion

{¶ 17} Dearmond's sole assignment of error having been overruled, the judgment of the trial court is affirmed.

. . . . . . . . . . . . .

TUCKER, J., and LEWIS, J., concur.