**[Cite as *State v. Collins*, 2011-Ohio-4475.]**

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MIAMI    COUNTY

STATE OF OHIO                                            :

                                                  :      Appellate Case No. 2010-CA-22

         Plaintiff-Appellee                     :

                                                  :      Trial Court Case No. 10-CRB-1006

v.                                                         :

                                                  :

FRANK J. COLLINS                           :       (Criminal Appeal from

                                              :      Miami County Municipal Court)

         Defendant-Appellant                   :

                                                  :

. . . . . . . . . . .

# O P I N I O N

Rendered on the 2nd day of September, 2011.

. . . . . . . . . . .

BRANDON A. COATE, Atty. Reg. #0081701, Miami County Prosecutor's Office, Miami County Municipal Court, 201 West Main Street, Troy, Ohio 45373
        Attorney for Plaintiff-Appellee

ANDREW D. LUCIA, Atty. Reg. #0067191, Post Office Box 122, Troy, Ohio 45373
        Attorney for Defendant-Appellant

. . . . . . . . . . . .

FAIN, J.

{¶ 1} Defendant-appellant Frank Collins appeals from his conviction and sentence for    Violating a Civil Protection Order. Collins contends that his trial counsel was ineffective for having failed to move for a judgment of acquittal, under the authority of Crim.R. 29, at the close of the State's evidence.

{¶ 2} We conclude that defendant's trial counsel was not ineffective, in the constitutional sense, for having failed to move under Crim. R. 29 for a judgment of acquittal at the close of the State's evidence. It is entirely speculative to conclude that the result of the trial would have been different if counsel had made the motion, since the State would doubtless have sought leave to re-open its case to introduce the correct, ex parte temporary civil protection order, which was in effect at the time of the alleged violation, and the trial court would have been within its discretion to have permitted the re-opening of the State's case for that purpose. Furthermore, since the defendant admitted that the prior civil protection order was in effect at the time of the alleged violation, and that he knew about it, it cannot be said that his trial counsel's failure to have moved for a judgment of acquittal deprived him of a fair trial, or resulted in a trial whose result was unreliable, as required by *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, for a reversal based upon the ineffectiveness of trial counsel. Accordingly, the judgment of the trial court is Affirmed.

I

{¶ 3} Collins and the victim, Gina Griffieth, were involved in a five-year extramarital affair, which Griffieth ended in 2009. In 2010, Griffieth sought a Civil Protection Order against Collins. An ex parte order of temporary protection was filed March 5, 2010. In that order, Collins was prohibited from coming within three blocks of Griffieth's workplace or residence. On April 1, 2010, a Consent Agreement Protective Order was entered with the same prohibitions. The order was signed by Collins.

{¶ 4} On March 24, 2010, after the ex parte temporary protection order but before the consent order, a complaint was filed charging Collins with violating a civil protection order "that [Griffieth] had against [Collins]."

{¶ 5} The matter was tried to the bench on June 22, 2010. At trial, the State presented the testimony of David Fair. Fair testified that Griffieth was his employee and that Collins had worked for him "on and off" since 1992. Fair testified that on March 23, 2010, he observed Collins walking toward Griffieth's home, and that Collins came within one block of the residence. Griffieth also testified that she was at home and observed Collins walk to a point within one block of her home.

{¶ 6} The State introduced its Exhibit 1 during Griffieth's testimony. That exhibit, a copy of the Consent Agreement Protection Order, was admitted without objection. Following Griffieth's testimony, the State rested.

{¶ 7} Defense counsel did not move for a judgment of acquittal under the authority of Crim.R. 29. Defense counsel asked Collins if he wished to testify. Collins took the stand and denied having been near Griffieth's home, claiming that he was about six to

eight blocks from her home. He further testified that the Exhibit 1 Consent Protection Order had not been in effect on March 23. Collins admitted that he was aware of the location of Griffieth's home, since he had previously visited her there.

{¶ 8} On cross-examination, the State then introduced, as Exhibit 2, the ex parte temporary civil protection order that was in effect on March 23. Collins admitted that this civil protection order was in effect on the date of the incident and that he was aware of the existence of the order.

{¶ 9} After both parties rested, the trial court stated that it found the State's witnesses more credible and that the evidence supported a finding that Collins had been within one block of Griffieth's house. The trial court sentenced Collins to 180 days in jail, suspended the jail time, and placed Collins on probation for a period "not to exceed two years." The trial court also fined Collins $100 and ordered him to remain in compliance with the civil protection order.

{¶ 10} From his conviction and sentence, Collins appeals.

II

{¶ 11} Although Collins has not set forth an express assignment of error, as required by App. R. 16(A)(3), from the argument set forth in his brief we infer his sole assignment of error to be as follows:

{¶ 12} "COLLINS'S CONVICTION MUST BE REVERSED BECAUSE HE WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL AT TRIAL."

{¶ 13} Collins asserts that his counsel was ineffective for failing to challenge the sufficiency of the evidence supporting the conviction by moving for a Crim. R. 29 judgment of acquittal at the close of the State's evidence, and for having allowed him to testify without first having moved for a judgment of acquittal. Collins argues that his trial counsel violated the standard of practice by failing to make the motion. He further contends that prejudice is evident; specifically, he states that "the evidence before the trial court was plain, as there was only one document in evidence. One document that was not effective at the time of the alleged crime. It can be further asserted with certainty that if the motion to dismiss [had been made and] denied it would have been the wrong ruling: a ruling contrary to law."

{¶ 14} Trial counsel's performance is not ineffective unless that performance is proved to have fallen below an objective standard of reasonable representation and that the performance resulted in prejudice. *Strickland v. Washington* (1984), 466 U.S. 668,

687, 104 S.Ct. 2052, 80 L.Ed.2d 674.    In order to demonstrate that a defendant has been prejudiced by counsel's deficient performance, the defendant must affirmatively show to a reasonable probability that were it not for counsel's errors, the result of the trial would have been different.    Id at 694; *State v. Bradley* (1989), 42 Ohio St.3d 136, 142.

{¶ 15} Trial counsel may have made a strategic decision not to make a motion for acquittal.    It appears from the record that Collins was eager to testify and to claim that he was not near Griffieth's home.    "[T]rial counsel is allowed wide latitude in formulating trial strategy."    *State v. Olsen*, Clark App. 09-CA-110, 2011-Ohio-3420, ¶ 121.    We cannot say that trial counsel's choice of strategy in this regard amounted to ineffective assistance of counsel merely because the State was able to correct its evidence.

{¶ 16} Furthermore, a trial court has the discretion to grant a party the right to reopen its case before the close of the trial in order to offer additional evidence.    See, *State v. Salaam*, Hamilton App. No. C-020324, 2003-Ohio-1021, ¶ 13.    Once a motion for judgment of acquittal made the State aware that it had introduced the wrong civil protection order in evidence, it seems likely that the State would have sought the trial court's permission to re-open its case for the purpose of offering the correct civil protection order. Because the trial court would have had discretion to grant a motion by the State to re-open its case, we would necessarily be speculating by concluding that a motion for a judgment of acquittal, had one been made, would have produced a different outcome of the trial.

{¶ 17} In order to establish the prejudice prong of *Strickland v. Washington*, " * * *    the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable."    *Strickland v. Washington*,    466 U.S. 668, 687.    Had Collins's trial counsel moved for a judgment of acquittal, based upon the State's technical failure of proof in having produced the wrong civil protection order, the trial court might have exercised its discretion whether to permit the State to re-open its case adversely to the State, resulting in Collins being acquitted on this charge.    But because Collins admitted that the ex parte temporary civil protection order was in effect on the date of his alleged violation of that order, and also that he was aware of that order, it can hardly be said that Collins was deprived of a fair trial as a result of his counsel's failure to have tried to take advantage of the State's technical failure of proof, or that the result of the trial was made "unreliable" due to that failure.

{¶ 18} Collins's sole assignment of error is overruled.

III

{¶ 19} Collins's sole assignment of error having been overruled, the judgment of the trial court is Affirmed.

. . . . . . . . . . . . .

GRADY, P.J., and DONOVAN, J., concur.

Copies mailed to:

Brandon A. Coate
Andrew D. Lucia
Hon. Elizabeth S. Gutmann