[Cite as *State v. Campbell*, 2024-Ohio-5343.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Appellee | : | C.A. No. 30136 |
| | : | |
| v. | : | Trial Court Case No. 2023 CR 02038 |
| | : | |
| RONTONIO BONITO CAMPBELL | : | (Criminal Appeal from Common Pleas |
| | : | Court) |
| Appellant | : | |
| | : | |

· · · · · · · · · · ·

O P I N I O N

Rendered on November 8, 2024

· · · · · · · · · · ·

CHRISTOPHER BAZELEY, Attorney for Appellant

MATHIAS H. HECK, JR. by NATHAN B. VANDERHORST, Attorney for Appellee

· · · · · · · · · · · ·

HUFFMAN, J.

{¶ 1} Rontonio Bonito Cambell appeals from his conviction of attempted failure to comply with an order or signal of a police officer, a felony of the fourth degree. The sole issue on appeal is whether Campbell received ineffective assistance of counsel as a

result of counsel's failure to speak in mitigation at sentencing. For the following reasons, the judgment of the trial court will be affirmed.

{¶ 2} On August 2, 2023, Campbell was indicted for one count of failure to comply and one count of failure to disclose one's personal information. He pled not guilty.

{¶ 3} On October 25, 2023, pursuant to a plea agreement, Campbell entered a guilty plea to the lesser included offense of attempted failure to comply, in exchange for which the State agreed to dismiss the count of failure to disclose personal information. Sentencing was scheduled for December 13, 2023. At the time, Campbell was also on community control supervision in several other cases. On December 13, Campbell failed to appear for sentencing, and a capias warrant was issued. He was eventually sentenced on March 13, 2024, for the attempted failure to comply; the court also addressed revocation of community control sanctions in the other cases at the sentencing hearing.

{¶ 4} At the sentencing hearing, defense counsel stated that he had nothing to say on Campbell's behalf. Campbell was also given the opportunity to address the court, and he apologized for his "criminal behavior." The court imposed an 18-month prison sentence for failure to comply.

{¶ 5} Campbell raises one assignment of error:

CAMPBELL'S DEFENSE COUNSEL IS INEFFECTIVE FOR FAILING TO [MAKE] ANY STATEMENT DURING ALLOCUTION.

{¶ 6} Campbell argues that it is "unfathomable" that defense counsel did not make any argument on Campbell's behalf at sentencing. Although Campbell apologized to the

court himself, he asserts that counsel could have "echoed his expressed remorse," and counsel's "failure to say anything cannot be considered a sound trial strategy." Campbell asserts that the imposition of a maximum sentence demonstrates prejudice, because if his own attorney couldn't find anything to say, the court could have concluded that "there must not be any mitigating circumstances."

{¶ 7} The State responds that Campbell cannot show that his counsel's representation was objectively unreasonable and that any prejudice is "entirely speculative." The State notes that Crim.R. 32(A) gives defense counsel an *opportunity* to speak at sentencing, but counsel is not required to do so and is not ineffective merely for declining to speak on behalf of the defendant. According to the State, Campbell's criminal history was self-evident, as his sentencing hearing incorporated several other cases. The State also argues that Campbell has not suggested what mitigating factors his trial attorney could have expressed "aside from simply echoing his apology," and therefore Campbell has not overcome the presumption of reasonable performance. It points out that Campbell's sentence was within the statutory range, and nothing in the record suggests that the court would have imposed a lesser sentence if Campbell's attorney had spoken.

{¶ 8} We review alleged instances of ineffective assistance of trial counsel pursuant to the two-prong analysis set forth in *Strickland v. Washington*, 466 U.S. 668, (1984), which was adopted by the Supreme Court of Ohio in *State v. Bradley*, 42 Ohio St.3d 136 (1989). *See also State v. Blanton*, 2023-Ohio-89, ¶ 56 (2d Dist.). To prevail on a claim of ineffective assistance, Campbell "must show that his trial counsel rendered

deficient performance and that counsel's deficient performance prejudiced him." *Strickland* at paragraph two of the syllabus; *Bradley* at paragraph two of the syllabus. In the absence of a showing of either deficient performance or prejudice, a claim of ineffective assistance of counsel fails. *Blanton* at ¶ 56, citing *Strickland* at 697.

{¶ 9} To establish deficient performance, a defendant must show that his trial counsel's performance fell below an objective standard of reasonable representation. *Strickland* at 688. In evaluating counsel's performance, a reviewing court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. "The adequacy of counsel's performance must be viewed in light of all of the circumstances surrounding the trial court proceedings." *State v. Jackson*, 2005-Ohio-6143, ¶ 29 (2d Dist.), citing *Strickland*.

{¶ 10} To establish prejudice, a defendant must show that there is "a reasonable probability that, but for counsel's errors, the proceeding's result would have been different." *State v. Hale*, 2008-Ohio-3426, ¶ 204, citing *Strickland* at 687-688 and *Bradley* at paragraph two of the syllabus. " 'A reasonable probability is a probability sufficient to undermine confidence in the outcome.' " *Bradley* at 142, quoting *Strickland* at 694.

{¶ 11} In reviewing ineffective assistance claims, we must not second-guess trial strategy decisions. *State v. Mason*, 82 Ohio St.3d 144, 157 (1998); *Strickland* at 689. Therefore, " 'trial counsel is allowed wide latitude in formulating trial strategy[.]' " *State v. Collins*, 2011-Ohio-4475, ¶ 15 (2d Dist.), quoting *State v. Olsen*, 2011-Ohio-3420, ¶ 121 (2d Dist.). "Debatable strategic and tactical decisions may not form the basis of a claim

for ineffective assistance of counsel, even if, in hindsight, it looks as if a better strategy had been available." *State v. Conley*, 2015-Ohio-2553, ¶ 56 (2d Dist.), citing *State v. Cook*, 65 Ohio St.3d 516, 524-525 (1992). In other words, judicial review of counsel's conduct is highly deferential. *State v. Carter*, 72 Ohio St.3d 545, 558 (1995). We presume that counsel's conduct fell within the wide range of reasonable professional assistance. *State v. Thompson*, 33 Ohio St.3d 1, 10 (1987). *See also State v. Brewer*, 2021-Ohio-2289, ¶ 14 (12th Dist.) (in general, the extent to which counsel presents mitigation evidence at a sentencing hearing is a matter of trial strategy); *State v. Gleckler*, 12th Dist. Clermont No. CA2009-03-021, 2010-Ohio-496, ¶ 14 (12th Dist.); *State v. Tinsley*, 2018-Ohio-278, ¶ 17 (8th Dist.).

**{¶ 12}** Crim.R. 32 governs sentencing. It states that, among other things, "the court shall . . . [a]fford counsel an opportunity to speak on behalf of the defendant and address the defendant personally and ask if he or she wishes to make a statement in his or her own behalf or present any information in mitigation of punishment."

**{¶ 13}** We agree with the State that counsel did not provide ineffective assistance of counsel in Campbell's case. Even if we were to conclude (which we do not) that defense counsel was ineffective in failing to argue Campbell's remorse, Campbell has not established that doing so would have resulted in a lesser sentence. Campbell failed to appear for the initial sentencing, had a criminal history, and was on community control sanctions for several other cases at the time of sentencing. His sentence was within the statutory range for a felony of the fourth degree. R.C. 2929.14(A)(4). Consistent with the requirement of Crim.R. 32.1, the trial court gave defense counsel an opportunity to

speak, and the rule does not require that counsel do so.   Most importantly, Campbell was given the opportunity to express his remorse, and we have no basis to conclude that defense counsel's reiteration of Campbell's alleged contrition would have affected the outcome.

{¶ 14} For the foregoing reasons, Campbell's assignment of error is overruled. The judgment of the trial court is affirmed.

. . . . . . . . . . . . .

EPLEY, P.J. and LEWIS, J., concur.