[Cite as *State v. Mogle*, 2025-Ohio-12.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
DARKE COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Appellee | : | C.A. No. 2024-CA-5 |
| | : | |
| v. | : | Trial Court Case Nos. 23-TRD-001-1855; 23-CRB-001-0519; 23-CRB-001-0518 |
| | : | |
| JOSEPH S. MOGLE | : | |
| | : | |
| Appellant | : | (Criminal Appeal from Municipal Court) |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on January 3, 2025

. . . . . . . . . . .

NATHAN D. BOONE, Attorney for Appellant

CHANCE O. COX, Attorney for Appellee

. . . . . . . . . . . .

LEWIS, J.

{¶ 1} Defendant-Appellant Joseph S. Mogle appeals from judgments of the Darke County Municipal Court following his guilty pleas and sentencing. For the following reasons, the judgments of the trial court will be affirmed.

**I. Facts and Procedural History**

{¶ 2} On December 19, 2023, Mogle was cited for one count of criminal damaging, in violation of R.C. 2909.06(A)(1), a misdemeanor of the second degree. This charge arose from Mogle's breaking a window of a residence. The charge proceeded in Darke M.C. No. 23-CRB-001-0519.

{¶ 3} On December 20, 2023, Mogle was cited for one count of unauthorized use of a vehicle, in violation of R.C. 2913.03(A), and one count of driving under suspension, in violation of R.C. 4510.11(A), both misdemeanors of the first degree. These offenses arose from Mogle's driving another person's vehicle without their consent while Mogle had a suspended license. The charge of unauthorized use of a vehicle proceeded in Darke M.C. No. 23-CRB-001-0518, and the charge of driving under suspension proceeded in Darke M.C. No. 23-TRD-001-1855.

{¶ 4} At Mogle's request, the three cases were consolidated. Mogle was appointed counsel, and a trial was scheduled for February 26, 2024. However, instead of going to trial, Mogle entered a negotiated plea agreement. In exchange for a plea of guilty to an amended charge of unauthorized use of property, in violation of R.C. 2913.04(A), a misdemeanor of the fourth degree, in Case No. 23-CRB-001-0518, and a plea of guilty as charged (driving under suspension) in Case No. 23-TRD-001-1855, the State agreed to dismiss Case No. 23-CRB-001-0519, but with costs for that case to be paid by Mogle.

{¶ 5} Following Mogle's guilty plea, the trial court imposed a sentence for driving under suspension in Case No. 23-TRD-001-1855 of 52 days in jail, with 26 days suspended, on condition that Mogle not violate any laws for one year, pay the fines and

court costs, and not drive. In Case No. 23-CRB-001-0518, the trial court imposed a $150 fine and court costs for unauthorized use of property, including the costs from Case No. 23-CRB-001-0519, and imposed 26 days in jail to run concurrently to the 26 days in Case No. 23-TRD-001-1855, with the same conditions.

{¶ 6} Mogle timely appeals and raises two assignments of error.

## II. Ineffective Assistance of Counsel at Sentencing

{¶ 7} In his first assignment of error, Mogle contends that his counsel was ineffective at sentencing for failing to vigorously advocate on his behalf, which resulted in a harsher sentence. Specifically, Mogle claims defense counsel failed to mention his upcoming custody case or that he had previously worked a job that did not require him to drive. According to Mogle, failure to address these two issues with the court at sentencing resulted in an excessive sentence.

{¶ 8} "In order to prevail on an ineffective-assistance-of-counsel claim, a defendant must prove that counsel's performance was deficient and that the defendant was prejudiced by counsel's deficient performance." *State v. Davis*, 2020-Ohio-309, ¶ 10, citing *State v. Bradley*, 42 Ohio St.3d 136, 141-142 (1989); *Strickland v. Washington*, 466 U.S. 668, 687 (1984). "Thus, the defendant must demonstrate that counsel's performance fell below an objective standard of reasonableness and that there exists a reasonable probability that, but for counsel's error, the result of the proceeding would have been different." *Id.* "In the absence of a showing of either deficient performance or prejudice, a claim of ineffective assistance of counsel fails." (Citations omitted.) *State v. Campbell*, 2024-Ohio-5343, ¶ 8 (2d Dist.).

{¶ 9} Reviewing courts must " 'apply[ ] a heavy measure of deference to counsel's judgments' and 'indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.' " *State v. Maxwell*, 2014-Ohio-1019, ¶ 175, quoting *Strickland* at 691 and 689. "The adequacy of counsel's performance must be viewed in light of all of the circumstances surrounding the trial court proceedings." *State v. Jackson*, 2005-Ohio-6143, ¶ 29 (2d Dist.), citing *Stickland*.

{¶ 10} "Even assuming that counsel's performance was ineffective, this is not sufficient to warrant reversal of a conviction." *Bradley* at 142. Rather, "[t]o warrant reversal, '[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.' " *Id.*, quoting *Strickland* at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland* at 694.

{¶ 11} In this case, Mogle acknowledges that defense counsel presented facts to the trial court in an attempt to mitigate his sentence. Defense counsel informed the court that Mogle was "steadily looking for employment" while waiting for his cases to conclude. Counsel also indicated that he did not think Mogle needed any jail time but admitted "that is not my decision to make." Tr. 8. Mogle contends that, if the trial court had been advised about his upcoming custody case and that he had previously worked a job that did not require him to drive, he would have received a lesser sentence. We do not agree.

{¶ 12} Mogle was sentenced immediately after entering a plea agreement in which the State agreed to dismiss one count and to amend another count from a first-degree to a fourth-degree misdemeanor. The trial court's imposition of jail time in Case No. 23-

TRD-001-1855 appears to have been reasonably based on Mogle's history of reoffending. The trial court noted that Mogle had 22 active driving suspensions, 4 warrant blocks, and 2 prior convictions in 2023, the same year Mogle committed the underlying driving offense. The trial court repeatedly emphasized that Mogle should not drive and that he had continued the same pattern of driving without a valid license.

{¶ 13} Prior to the imposition of sentence in Case No. 23-CRB-001-0518, Mogle advised the court that some of his prior offenses occurred because he was "caught driving" while he was going back and forth to work. He further informed the court that he was going to "get a job and get my things back together" and that he had been working for almost three months prior to the incidents. Mogle claimed he had obtained his prior job so that he could walk to work, but that he had lost that job because of these offenses. According to Mogle, it was difficult to get a job because he was a convicted felon. He advised the court that he had five kids he was trying to support and was in the process of trying to get custody of two of his kids. Defense counsel advised the court that Mogle had an upcoming custody hearing and asked if Mogle could be out of custody to attend the hearing. The court granted Mogle the opportunity to schedule his jail days so that he could attend the hearing. Following this discussion, the trial court reaffirmed its sentence in Case No. 23-TRD-001-1855 and imposed the sentence in Case No. 23-CRB-001-0518, which was comprised of 26 days in jail to be served at the court's discretion to run concurrently with the 26 days in jail imposed in Case No. 23-TRD-001-1855.

{¶ 14} After thoroughly reviewing the record, we see no ineffective assistance of Mogle's trial counsel at sentencing. Mogel does not explain how reemphasizing his prior

employment and upcoming custody case would have created a reasonable probability that the trial court would have imposed a lesser sentence than it did, especially in light of his lengthy history of committing similar traffic offenses. Furthermore, any alleged error by Mogle's trial counsel in not highlighting this information to the trial court could have been alleviated by Mogle's informing the trial court of it himself. We cannot conclude that there is a reasonable probability that the result would have been different if Mogle's trial counsel had repeated this information to the trial court at the time of sentencing.

{¶ 15} Mogle's first assignment of error is overruled.

### III. Sentencing

{¶ 16} In his second assignment of error, Mogle argues that the trial court failed to properly consider R.C. 2929.21 and 2929.22 when sentencing him to an excessive jail sentence for non-violent offenses. We are not persuaded by Mogle's argument.

{¶ 17} Appellate courts review misdemeanor sentences for an abuse of discretion. *State v. Johnson*, 2022-Ohio-1782, ¶ 14 (2d Dist.). "A trial court abuses its discretion when it makes a decision that is unreasonable, unconscionable, or arbitrary." (Citation omitted.) *State v. Darmond*, 2013-Ohio-966, ¶ 34. "Abuse-of-discretion review is deferential and does not permit an appellate court to simply substitute its judgment for that of the trial court." *Id.*, citing *State v. Morris*, 2012-Ohio-2407, ¶ 14.

{¶ 18} When sentencing for a misdemeanor offense, the trial court is guided by the "overriding purposes of misdemeanor sentencing[,]" which are "to protect the public from future crime by the offender and others and to punish the offender." R.C. 2929.21(A); *State v. Bakhshi*, 2014-Ohio-1268, ¶ 47 (2d Dist.). "To achieve those purposes, the

sentencing court shall consider the impact of the offense upon the victim and the need for changing the offender's behavior, rehabilitating the offender, and making restitution to the victim of the offense, the public, or the victim and the public." R.C. 2929.21(A). "Unless a mandatory jail term or specific sanction is required to be imposed, a trial court has discretion to determine the most effective way to achieve the purposes and principles of misdemeanor sentencing, which may include any sanction or combination of sanctions authorized." *State v. Horr*, 2022-Ohio-3160, ¶ 5 (2d Dist.), citing R.C. 2929.22(A).

**{¶ 19}** In determining the appropriate sentence for a misdemeanor, the trial court must consider seven factors listed under R.C. 2929.22(B)(1). *Horr* at ¶ 6. "Stated generally, those factors include the nature and circumstances of the offense(s); whether the offender has a history of persistent criminal activity and is likely to commit another offense; whether there is a substantial risk that the offender will be a danger to others; whether the victim's circumstances made the victim particularly vulnerable to the offense or made the impact of the offense more serious; and factors relating to the offender's military service, if any." *Johnson* at ¶ 11, citing R.C. 2929.22(B)(1)(a)-(g). The court may also consider "any other factors that are relevant to achieving the purposes and principles of sentencing set forth in [R.C. 2929.21.]" R.C. 2929.22(B)(2). In addition, the court must consider "any relevant oral and written statement made by the victim, the victim's representative, the victim's attorney, if applicable, the defendant, the defense attorney, and the prosecuting authority regarding sentencing for a misdemeanor." R.C. 2929.22(D)(1).

**{¶ 20}** "When determining a misdemeanor sentence, R.C. 2929.22 does not

mandate that the record reveal the trial court's consideration of the statutory sentencing factors." *State v. McCaleb*, 2006-Ohio-4652, ¶ 41 (2d Dist.). "Rather, appellate courts will presume that the trial court considered the factors set forth in R.C. 2929.22 when the sentence is within the statutory limits, absent an affirmative showing to the contrary." *Id.*, citing *State v. Kelly*, 2005-Ohio-3058 (2d Dist.).

{¶ 21} The sentences imposed in Case Nos. 23-TRD-001-1855 and 23-CRB-001-0518 were within the applicable statutory limits for a first-degree misdemeanor and a fourth-degree misdemeanor, respectively. *See* R.C. 2929.24(A)(1) and (4). The trial court reviewed Mogle's prior driving history on the record, which was the clear impetus for the court's decision to impose 56 days in jail, prior to imposing sentence in Case No. 23-TRD-001-1855. Although Mogle attempted to explain why he had continued to drive under suspension, the trial court repeatedly informed Mogle that he could not lawfully drive regardless of the excuses he provided. Prior to imposing a concurrent jail sentence in Case No. 23-CRB-001-0518, the trial court was made aware of Mogle's employment status, the custody case involving two of his five children, Mogle's claim that he was not addicted to drugs or alcohol, and that he had been out of prison for five years. Additionally, the State had advised the court during the plea hearing that Mogle had repaired the window he broke in Case No. 23-CRB-001-0519 and that the vehicle Mogle had driven without permission in Case No. 23-CRB-001-0518 had been returned to the owner with no damage to it. In light of this information before the court, we conclude that the trial court did not abuse its discretion by imposing a jail term.

{¶ 22} Mogle's second assignment of error is overruled.

### IV. Conclusion

{¶ 23} Having overruled all the assignments of errors, the judgments of the trial court will be affirmed.

. . . . . . . . . . . . .

EPLEY, P.J. and HUFFMAN, J., concur.